FILED
CLERK

7/14/2021 10:54 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SAMUEL WHITE,

                              Plaintiff,

      -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT, RONALD TAVARES, MICHAEL
MILAU, SUFFOLK COUNTY DISTRICT ATTORNEY'S
OFFICE, DARRYL LEVY, LAURA NEWCOMBE,
THOMAS SPOTA, JOHN DOES 1-10,

                              Defendants.
------------------------------------------------------------------------X

**ORDER**
CV 20-1501 (JS) (JMW)

**WICKS,** Magistrate Judge:

       Plaintiff Samuel White ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 asserting due process and equal protection violations, along with claims of false arrest, malicious prosecution, denial of a fair trial, failure to intervene, conspiracy and failure to train or supervise against the County of Suffolk, the Suffolk County District Attorney's Office, the Suffolk County Police Department, Ronald Tavares, Michael Milau, John Does 1-10, Daryl Levy, Laura Newcombe, Thomas J. Spota III, Timothy Sini, Helen Wong, and the Suffolk County Medical Examiner Crime Lab (collectively, "Defendants"). Before the Court is Plaintiff's motion, pursuant to Federal Rule of Civil Procedure ("Rule") 15(a), for leave to amend the complaint. For the reasons set forth below, Plaintiff's motion is granted in part, and denied in part.

## BACKGROUND

      Plaintiff's original complaint was filed on March 21, 2020. (DE 1.) On July 22, 2020, Plaintiff filed an amended complaint asserting twenty-one claims against thirteen defendants arising out of his arrest and prosecution in Suffolk County between 2016 and 2019. *See*

Amended Complaint, DE 36. The following facts are taken from the Amended Complaint and are assumed true for purposes of this motion.[1] On May 25, 2016, Plaintiff was approached by a man, E.R., threatening Plaintiff and telling him he was going to steal his jewelry. Am. Compl. ¶¶ 1, 4, pages 19, 20. A fight ensued, and Plaintiff fled the scene. *Id*. at ¶10. According to Plaintiff, he went to the police department to report the incident, where he was then arrested. *Id*. at ¶¶ 13-14, 26. Plaintiff alleges that the police and the Suffolk County District Attorney's Office fabricated a case against him in an effort to charge him with manslaughter. *Id*. at ¶¶ 25-27. Following a jury trial, Plaintiff was acquitted. *Id*. at ¶ 57. Plaintiff asserts claims of false arrest, malicious prosecution, denial of a fair trial, failure to intervene, conspiracy and failure to train or supervise, along with claims pursuant to 42 U.S.C. §§ 1983 and 1985 asserting due process and equal protection violations arising out of these facts.

On August 28, 2020, Defendants Timothy Sini, Daryl Levy and Laura Newcombe filed a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6). (DE 55.) On August 28, 2020, Defendant Thomas Spota also filed a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6). (DE 56.) On March 25, 2021, the Court administratively terminated both motions to dismiss without prejudice to renew, pending the decision on the instant motion for leave to file a Second Amended Complaint filed on September 23, 2020. (DE 3/25/2021; DE 61.) Plaintiff has attached the Proposed Second Amended Complaint (or "PAC") which adds four additional parties to the case; John Peterson, a Suffolk County Police

---

[1] The paragraphs in the Proposed Second Amended Complaint are non-consecutively numbered and, in some cases, more than one paragraph has the same number. Thus, the Court shall refer to the Proposed Amended Complaint with reference to paragraph and page number. The Court shall refer to unnumbered pages in Plaintiff's memoranda by reference to ECF page numbers. Counsel for Plaintiff is respectively reminded that, for ease of reference, each page of any document filed with the Court is to be numbered, and each paragraph in a complaint is to be consecutively numbered throughout the complaint, rather than numbered within each section.

detective, James McGuinness, a Suffolk County Police detective, Odette R. Hall, medical examiner, and the Suffolk County Medical Examiner's Office, and also focuses areas of specific declaratory relief pleaded and contemplated in the Original Complaint. *See* Memorandum of Law in Support of Plaintiff's Motion For Leave to Amend Its Pleading ("Pl. Mem."). By order dated October 2, 2020, the Honorable Joanna Seybert referred Plaintiff's motion for decision, pursuant to Fed. R. Civ. P. 72(a), to the then-assigned Magistrate Judge, the Honorable Arlene R. Lindsay. (DE 10/2/2021). On July 8, 2021, Judge Lindsay recused herself, and this case was then reassigned to the undersigned. (DE 73.)

Opposition to Plaintiff's motion to amend was filed by the County of Suffolk, Timothy Sini, Daryl Levy, Laura Newcombe, Ronald Tavares, Michael Milau, Helen Wong, Odette Hall, John Peterson and James McGuinness (the "County Defendants"). The County Defendants do not object to that portion of the Plaintiff's motion seeking to add defendants John Peterson and James McGuinness. The County Defendants do object to amending the complaint to add Deputy Medical Examiner Dr. Odette R. Hall, on the grounds that (1) the complaint does not sufficiently allege facts to plausibly state a claim as required by Rule 8, (2) she is entitled to absolute immunity and (3) to the extent Plaintiff claims that Hall testified falsely at trial and caused a violation of his rights, she would be entitled to absolute testimonial immunity. In addition, Defendants argue that Plaintiff should not be permitted to amend the complaint to add a claim against the Suffolk County Medical Examiner's Office because the Medical Examiner's Office is an administrative arm of the municipality and thus lacks the capacity to be sued. Finally, the County Defendants argue that Plaintiff should not be permitted to amend the complaint to clarify his request for declaratory relief because Plaintiff is not entitled to declaratory relief for past actions. *See* Suffolk County Defendants'

3

Memorandum of Law in Opposition to the Plaintiff's Motion to Amend His Complaint. ("Def. Mem.") at 1.

## DISCUSSION

### I. Standard of Review

Under Rule 15(a), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id*.

However, Plaintiff seeks to add new parties. While Plaintiff fails to cite Rule 21, when a proposed amendment seeks to add new parties, the propriety of the proposed amendment is governed by that Rule which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 21; *see Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011*); Savine-Rivas v. Farina*, No. 90-CV-4335 (CPS), 1992 WL 193668, at *1 (E.D.N.Y. Aug. 4, 1992) (because the new complaint sought "to add not just new claims or updated facts[,] but also new parties[,]" along with Rule 15(a), Rules 20(a) and 21 were also involved).

In deciding whether to allow Plaintiffs to amend the complaint pursuant to Rule 15(a), or to permit the addition of new defendants under Rule 21, "courts apply the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Addison*, 283 F.R.D. at 79 (citations and internal quotation marks omitted). "Thus, leave to amend a complaint . . . 'should be denied only because of undue delay, bad faith, futility, or prejudice to the non-

moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court.'" *Id.* (quoting *DeFazio v. Wallis*, No. 05–CV–5712 (ADS) (ARL), 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006)).

Here, the County Defendants argue that the amendment is futile. An amendment is futile if the proposed claim could not withstand a motion to dismiss under Rule 12(b)(6). *IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund v. Royal Bank of Scotland PLC*, 783 F.3d 383, 389 (2d Cir. 2015). The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss. District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

II. **Plaintiff's Motion to Amend[2]**

   **A. Claims Against Odette Hall**

The County Defendants oppose Plaintiff's motion to amend to add claims against Odette Hall on the grounds that the Proposed Second Amended Complaint fails to satisfy Rule 8 with

---

[2] Plaintiff's motion to amend to add Defendants John Peterson and James McGuinness is unopposed, and therefore granted.

5

respect to Hall because the allegations against Hall "consist of nothing more than unsupported blanket assertions of alleged misconduct without reciting facts to support such claims." Def. Mem. at 3. In addition, the County Defendants argue that the claim against Hall is improper on the grounds of absolute immunity. *Id*. Finally, the County Defendants contend that to the extent Plaintiff claims that Hall testified falsely at trial and caused a violation of his rights, she would be entitled to absolute testimonial immunity. *Id.* at 4.

1. ***Rule 8***

The County Defendants argue that "[t]he proposed amended complaint fails to sufficiently allege facts to plausibly state a claim" because "[t]he allegations against Dr. Hall . . . consist of nothing more than unsupported blanket assertions of alleged misconduct without reciting facts to support such claims." Def. Mem. at 3. In response, Plaintiff contends he has offered more than threadbare conclusions by alleging that

> Hall fabricated evidence and ignored exculpatory evidence, including specifically evidence of medical or therapeutic mistake, misadventure and/or malpractice, and did so consistently with the custom and conspiracy discussed in detail in the complaint. During her investigation, she intentionally ignored evidence which showed causes/manners of death other than that which she falsely reported to inculpate plaintiff. Hall's conclusions were the critical part of the death investigation and a material part of the initiation of the prosecution and trial of this plaintiff, as she knew they would be.

Pl. Reply Mem. at 4.

Plaintiff relies on *Davis-Guider v. City of Troy*, No. 17-CV-1290 (FJS) (DJS), 2019 WL 1101278 (N.D.N.Y. Mar. 8, 2019) to support his position that these allegations are sufficient to assert a claim against Hall. The Court disagrees. In *Davis-Guider,* the Court relied on Plaintiff's allegations "that Defendant Sikirica made no mention in his report that other individuals performed C.P.R. for a significant period, despite having received the emergency room records, which confirmed that EMTs and hospital staff continued to administer C.P.R. for

6

a significant period after Plaintiff had stopped, or that V.D. seemed ill prior to Plaintiff finding her in an unresponsive state and that Plaintiff found V.D. unresponsive before he or anyone else administered C.P.R." *Id*. at *4. The Court then concluded that "[a]ccepting the allegations in Plaintiff's complaint as true, the Court finds that Plaintiff has sufficiently pled facts to state a plausible claim that Defendant Sikirica violated his right to a fair trial." *Id*. at *7.

Plaintiff here has not alleged a fact omitted from Hall's report, or a single fact supporting his claim that Hall did not report on medical or therapeutic mistake, misadventure and/or malpractice, indeed, Plaintiff has not specifically identified anything in the report was false or misleading. Plaintiff alleges nothing more than the conclusion that Hall "specifically ignored exculpatory information during the autopsy tending to prove a cause and manner of death other than her purported conclusions" without offering any facts relating to the supposed "exculpatory information." *See* PAC ¶ 63 at page 34. A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Ashcroft*, 556 U.S. at 678 (internal citations and alterations omitted). Accordingly, Plaintiff's motion to amend the complaint to assert claims against Odette Hall is denied, without prejudice.

### 2. Absolute Testimonial Immunity

The County Defendants also argue that "to the extent the plaintiff claims that Dr. Hall testified falsely at trial and caused a violation of his rights, she would be entitled to absolute testimonial immunity." Def. Mem. at 4, citing *Rehberg v. Paulk*, 566 U.S. 356 (2012). The Supreme Court has held that trial witnesses, including government officials, have absolute immunity with respect to any § 1983 claims arising from that testimony, even if it is alleged that such testimony was perjured. *See Briscoe v. LaHue*, 460 U.S. 325, 335-36 (1983) (affirming dismissal of § 1983 claims arising from police officers' perjured testimony during trial). "The

7

rationale behind this rule of absolute immunity is that potential civil liability is not needed to deter false testimony before the grand jury or at trial because other sanctions—such as a prosecution for perjury, which is a serious criminal offense—provide a sufficient deterrent." *Matthews v. City of N.Y.*, 889 F. Supp.2d 418, 439 (E.D.N.Y. 2012) (citing *Rehberg v. Paulk*, 132 S. Ct. 1497, 1505-07 (2012)). Plaintiff argues that this rule does not apply to Hall because she is a complaining witness. Pl. Reply Mem., at 8. "Although there is a well-established exception to the doctrine of absolute testimonial immunity 'insofar as [an official] performed the function of a complaining witness,' *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997); *see also Malley v. Briggs*, 475 U.S. 335, 340-41 (1986), that exception does not extend to testimony delivered at trial." *Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) (citing *Vakilian v. Shaw*, 335 F.3d 509, 516 (6th Cir. 2003) (distinguishing between an officer's role as a "complaining witness" and a "testifying witness"); *Spurlock v. Satterfield*, 167 F.3d 995, 1003-04 (6th Cir. 1999) (distinguishing between testimonial and pre-trial conduct)); s*ee also Paulin v. City of Beacon,* No. 17-CV-5105 (KMK), 2019 WL 4274211, at *5 n.4 (S.D.N.Y. Sept. 10, 2019) ("'[w]itnesses, including police officers, are absolutely immune from liability based on false testimony at trial'") (quoting *Murray v. Guzman*, No. 19-CV-1959, 2019 WL 1745744 (CM), at *4 (S.D.N.Y. Apr. 17, 2019)); *Horn v. City of New Haven*, No. 18-CV-1502 (JAM), 2019 WL 3006540, at *4 (D. Conn. July 9, 2019) ("Although the complaint alleges that [the witness] lied during his trial testimony, the law is clear that [the witness] has absolute immunity for his trial testimony"). Thus, to the extent Plaintiff's claims against Hall arise out of her testimony at his trial, those claims would be barred by absolute testimonial immunity. [3]

---

[3] The County Defendants also argue that "[t]he claim against Dr. Hall should be dismissed on grounds of absolute immunity." Def. Mem. at 3. "Absolute immunity is accorded to judges and prosecutors functioning in their individual capacities and, under certain circumstances, is also extended to officials of government agencies 'performing certain functions analogous to those of a prosecutor' or judge." *Wetzel v. Town of Orangetown*, No. 06-

8

### B. Claims Against the Suffolk County Medical Examiner's Office

Next, Defendants argue that "[t]he claims alleged in the amended complaint against the Suffolk County Medical Examiner's Office must be dismissed because the ME's Office is an administrative arm of the County and is not a suable entity." Def. Mem. at 5. Plaintiff's sole response is that "[w]hether any entity named in plaintiff's pleadings is a distinct entity susceptible to suit, is a question of fact." Pl. Reply Mem. at 10. The Court disagrees.

"[U]nder New York law, departments . . . that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *See Fanelli v. Town of Harrison,* 46 F. Supp. 2d 254, 257 (S.D.N.Y. 1999) (deciding on a motion to dismiss that a police department is an administrative arm of the municipal corporation and, as such, "cannot sue or be sued"); *see also Melendez v. Nassau County*, No. 10-CV-2516 (SJF) (WDW), 2010 WL 3748743 (E.D.N.Y. Sept. 17, 2010) (dismissing claims against Nassau County Sheriff's Department Division of Correction and the Nassau County Correctional Center because both "are administrative arms of Nassau County, and therefore are not suable entities").

In *Gill v. City of New York*, No. 16-CV-3219 (LDH) (SJB), 2018 WL 10215985 (E.D.N.Y. Mar. 29, 2018), the Court held that the City medical examiner's office, as well as the FDNY, are "organizational subdivisions of the City of New York lacking independent legal existence—therefore, they are not suable entities." *Id*. at 2018 WL 10215985, *3. Similarly,

---

CV-6117, 2010 WL 743039, at *3 (S.D.N.Y. Mar. 2, 2010). The allegations set forth in the complaint (PAC ¶ 63, page 34; ¶ 65, page 35), do not establish whether Hall was acting in a prosecutorial role or an investigative role and therefore the Court cannot determine as a matter of law that Hall is entitled to absolute immunity. *See, e.g.*, *Ying Li v. City of New York*, 246 F.Supp. 3d 578, 644 (E.D.N.Y. 2017) ("Based on the allegations in the Complaint, the Court cannot find, as a matter of law, that [medical examiner] was acting in a prosecutorial role rather than an investigatory one"). The Court need not reach this issue, however, since Plaintiff's proposed amendment to add Defendant Dr. Hall is futile for the reasons set forth above with regard to Rule 8 and absolute testimonial immunity.

here, the Court denies Plaintiff's motion to amend the complaint to the extent Plaintiff seeks to assert claims against the Suffolk County Medical Examiner's office, because the medical examiner's office is an administrative arm of Suffolk County and not an entity subject to suit.

### C. Plaintiff's Request for Declaratory Relief

According to the County Defendants, Plaintiff has sought to amend his complaint to seek declaratory relief rather than the "equitable relief" he sought in his earlier complaint, however this proposed amendment is futile because Plaintiff is not entitled to declaratory relief for past actions. Def. Mem. at 6. Plaintiff contends "that this relief is requested in direct conjunction with findings of misconduct, customs, and notice relief to be made to prospective plaintiffs, and in contemplation of using certain declarations as res judicata in future litigations." Pl. Reply at 9.

In the Proposed Second Amended Complaint Plaintiff seeks

> Declaratory Judgment, directed to any necessary authorities where appropriate, that:
> a. Suffolk County, and the named defendants and agencies, have had a custom of depriving criminal defendants of constitutional rights; and that among the customs are acts of misconduct by police and prosecutors, including Brady violations, withholding internal affairs records, fabricating evidence, coercing witness statements, and presenting such false evidence to juries and courts; and
> b. That this declaratory judgment may be used in future litigations to establish a "custom" or "policy" in instances of like facts of malfeasance against Suffolk County and the named defendants and agencies; and
> c. That each defendant herein committed acts of misconduct in the course of investigating and prosecuting this plaintiff, and a recommendation that each individually named defendant be terminated from his/her employment in the interest of public safety; and
> d. Further making any recommendations this court deems proper and just to address the ongoing unconstitutional deprivations of rights illustrated by the acts and customs of the named defendants and their respective offices.

PAC ¶ 12, page 58.

"'To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision.'" *Dorce v. City of New York,* No. 20-CV-1809, 2021 WL 2557786, at *8 (2d Cir. 2021) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014) (internal quotation marks and alterations omitted)). To satisfy the constitutional requirement for standing, a plaintiff must "establish[] that 'he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct.'" *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 101-02 (1983)). Plaintiff "must demonstrate a 'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions." *Lyons*, 461 U.S. at 101 (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). "Abstract injury is not enough." *Id*. at 101. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974). "[P]laintiff cannot rely solely on past injuries" to have standing to pursue such remedies, but "must establish how [they] will be injured prospectively." *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012); *see also Dorce,* 2021 WL 2557786 (affirming dismissal of plaintiff's request for declaratory relief).

Here, Plaintiff has failed to allege any facts indicating that he is immediately in danger of sustaining some direct injury as the result of the conduct he seeks to enjoin. Indeed, in response to the County Defendants' opposition to the proposed amendment regarding declaratory relief, Plaintiff candidly admits that he is seeking this relief for "prospective plaintiffs" rather than

11

himself.  Pl. Reply Mem. at 9.  Accordingly, Plaintiff's motion to amend is denied to the extent it seeks to add allegations seeking declaratory relief.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to amend the complaint to add Defendants John Peterson and James McGuiness is granted. Plaintiff's motion to amend the complaint to add Defendant Odette Hall and the Suffolk County Medical Examiner's Office is denied, as is Plaintiff's motion to add allegations seeking declaratory relief.

Dated: Central Islip, New York　　　　　　　**SO ORDERED:**
　　　　　July 14, 2021

　　　　　　　　　　　　　　　　　　　　　/S/ *James M. Wicks*
　　　　　　　　　　　　　　　　　　　　　　JAMES M. WICKS
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge