UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SAMUEL WHITE,

                                   Plaintiff,

       -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT, RONALD TAVARES, MICHAEL
MILAU, SUFFOLK COUNTY DISTRICT ATTORNEY'S
OFFICE, DARRYL LEVY, LAURA NEWCOMBE,
THOMAS SPOTA, JOHN DOES 1-10, TIMOTHY SINI,
OFFICE OF THE MEDICAL EXAMINER CRIME
LABORATORY (SUFFOLK COUNTY), HELEN WONG,
JAMES MCGUINESS, JOHN PETERSON,

                                 Defendants.
------------------------------------------------------------------------X

**ORDER**
CV 20-1501 (JS) (JMW)

**WICKS,** Magistrate Judge:

      Plaintiff Samuel White ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 asserting due process and equal protection violations, based on alleged false arrest, malicious prosecution, denial of a fair trial, failure to intervene, conspiracy and failure to train or supervise against the County of Suffolk, the Suffolk County District Attorney's Office, the Suffolk County Police Department, Ronald Tavares, Michael Milau, John Does 1-10, Daryl Levy, Laura Newcombe, Thomas J. Spota III, Timothy Sini, Helen Wong, the Suffolk County Medical Examiner Crime Lab, James McGuiness and John Peterson (collectively, "Defendants"). Before the Court is Plaintiff's second motion, pursuant to Federal Rule of Civil Procedure ("Rule") 15(a), for leave to file a Third Amended Complaint to add Deputy Medical Examiner, Dr. Odette Hall, as a Defendant. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

1

# I. BACKGROUND

Plaintiff alleges that the police and the Suffolk County District Attorney's Office fabricated a case against him in an effort to charge him with manslaughter arising out of an incident that occurred on May 25, 2016, during which he was approached by a man ("E.R.") who threatened to rob him. [1] (DE 1 at ¶¶ 1-4, 10, 25-27.) According to Plaintiff, he went to the police department to report the attempted robbery incident, where he was then arrested. (*Id*. at ¶¶ 13-14, 26.) Following a jury trial, Plaintiff was acquitted. (*Id*. at ¶ 57.)

On September 23, 2020, Plaintiff filed a motion pursuant Rule 15(a), for leave to file a Second Amended Complaint. (DE 61.) On July 14, 2021, this Court issued an Order ruling on Plaintiff's first motion to amend the complaint. (DE 74.) This Court granted leave for Plaintiff to add Defendants John Peterson and James McGuiness; denied, without prejudice, leave for Plaintiff to add Deputy Medical Examiner, Dr. Odette Hall and the Suffolk County Medical Examiner's Office; and denied leave to add allegations seeking declaratory relief.[2] (*Id*.)

On July 20, 2021, Defendants filed motions for pre-motion conferences for their anticipated motions to dismiss. (DE 75; DE 76.) On August 20, 2021, the Honorable Joanna Seybert denied those motions without prejudice to renew pending the Decision herein. (DE 8/20/2021.) The instant motion to file a Third Amended Complaint – which if granted would be the fourth version of the complaint – is limited to adding Hall as a Defendant. (DE 79.) Defendants oppose the motion, requesting the Court to consider extrinsic evidence, an autopsy

---

[1] References to paragraph numbers in DE 1 begin on page 16 of DE 1, as Plaintiff's Statement of Facts re-numbered the paragraphs starting at numeral 1.
[2] In addition to opposing Plaintiff's prior motion to add Hall as a Defendant on the basis of futility, Defendants also opposed the motion on the grounds of absolute testimonial immunity and absolute immunity. (DE 64.) Defendants' instant opposition only opposes adding Hall as a Defendant on the basis of futility and the intra-corporate conspiracy doctrine, and not based on absolute testimonial immunity or absolute immunity. (DE 82.)

report, which they argue proves that Plaintiff has still failed to plead a plausible claim.[3] (DE 82.) Plaintiff then filed a letter, requesting oral argument or alternatively, leave to file a reply, and attached photographs that purportedly depict E.R. and the cervical collar used on the night he died. (DE 85.) By Order dated August 20, 2021, Judge Seybert referred Plaintiff's motion for decision, pursuant to Rule 72(a), to the undersigned. (DE 8/20/2021.) The Court assumes the parties' familiarity with the underlying facts and the procedural history of the case, as more specifically set forth in this Court's July 14, 2021 Order on Plaintiff's motion for leave to file the Second Amended Complaint. (DE 74.)

## II. STANDARD

Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a)(2).

When a proposed amendment seeks to add new parties, the propriety of the proposed amendment is governed by Rule 21 which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 21; *see Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011); *Savine-Rivas v. Farina*, No. 90-CV-4335 (CPS), 1992 WL 193668, at *1 (E.D.N.Y. Aug. 4, 1992) (because the new complaint sought "to add not just

---

[3] Defendants improperly filed the autopsy report under seal without following the proper procedure pursuant to the Eastern District's rules for E-filing sealed documents. *See* https://img.nyed.uscourts.gov/files/forms/EfilingSealedCV.pdf. Counsel for Defendants is advised that any future document they wish to file under seal, must follow the protocol set forth by the Eastern District.

3

new claims or updated facts[,] but also new parties[,]" along with Rule 15(a), Rules 20(a) and 21 also apply).

In deciding whether to allow a Plaintiff to amend the complaint pursuant to Rule 15(a), or to permit the addition of new defendants under Rule 21, "courts apply the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Addison*, 283 F.R.D. at 79 (citations and internal quotation marks omitted). "Thus, leave to amend a complaint . . . 'should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court.'" *Id.* (quoting *DeFazio v. Wallis*, No. 05–CV–5712 (ADS) (ARL), 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006)).

An amendment is futile if the proposed claim could not withstand a motion to dismiss under Rule 12(b)(6). *IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund v. Royal Bank of Scotland PLC*, 783 F.3d 383, 389 (2d Cir. 2015). The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss. District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has

acted unlawfully." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

### III. DISCUSSION

This Court previously denied Plaintiff's motion to add Hall as a Defendant because the proposed Second Amended Complaint alleged nothing more than the conclusion that Hall "specifically ignored exculpatory information during the autopsy tending to prove a cause and manner of death other than her purported conclusions" without offering any facts relating to the supposed "exculpatory information." (DE 74; DE 61, Ex. 2, ¶ 63 at page 34-35.) Specifically, this Court found that, "Plaintiff here has not alleged a fact omitted from Hall's report, or a single fact supporting his claim that Hall did not report on medical or therapeutic mistake, misadventure and/or malpractice, indeed, Plaintiff has not specifically identified anything in the report was false or misleading." (DE 74.) The Court denied the motion, without prejudice. (*Id*.)

Plaintiff's proposed Third Amended Complaint sets forth additional paragraphs numbered 162-189, regarding the allegations against Hall. (DE 79, Ex. 2. hereinafter referred to as "PAC"). Now, Plaintiff alleges that Hall listed the "manner of death" on E.R.'s Autopsy Report as "Homicide (Assaulted by Other Person[s])," which Plaintiff claims was altered from the original Report. (PAC, ¶¶ 165, 178.) Plaintiff claims that this was an intentional violation of § A32-1 of the Administrative Code of Suffolk County, NY, which delineates the specific categories into which "manner of death" shall be classified, with no category for "assault" listed. (PAC, ¶ 165.) Plaintiff alleges that Hall falsely reported the "cause of death" on the Autopsy Report as "blunt force injuries of head and neck," despite overwhelming evidence and photographs demonstrating that his death was caused by a "C-collar" erroneously placed on his neck by a Suffolk County Police Officer and EMS. (PAC, ¶ 167.) Plaintiff alleges that Hall

intentionally omitted any mention of the "C-collar" from the Report, as well as any analysis of E.R.'s injuries caused by strangulation and other forms of neck compression, including an obvious hyoid fracture in his neck. (PAC, ¶ 179.) Finally, plaintiff alleges that Hall knowingly passed this false and misleading information on to the prosecution to support its version of the case. (PAC, ¶ 189.)

Defendants oppose, arguing that the newly added allegations still do not plead a plausible claim because they are mere speculation and conclusory statements. (DE 82.) Defendants argue that the Court should consider extrinsic evidence, namely the autopsy report, to "assist the Court in rendering its decision regarding the plausibility of the plaintiff's claim." (*Id*.) In response, Plaintiff filed a request to the Court for oral argument and attached the photographs she referenced in the proposed Third Amended Complaint. (DE 85.)

The proposed amendments set forth here satisfy the *Ashcroft v. Iqbal* standard. The newly added paragraphs regarding Hall's alleged misconduct are factually specific. The allegations, assumed true for purposes of this motion, create a basis to draw a reasonable inference that Hall could be liable for the alleged misconduct. Defendants' opposition is not persuasive. A district court may consider documents incorporated by reference in the complaint when considering a motion to dismiss for failure to state a claim under Rule 12(b)(6). *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (finding that emails Plaintiff referred to in her complaint could be deemed as incorporated in the complaint, and therefore subject to consideration in reviewing adequacy of the complaint). However, the Court in *DiFolco* further noted that "[i]n ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Id*. at 113 (internal quotation and citations omitted).

It is axiomatic that under Rule 8(a), a plaintiff is not required to prove his or her case at the pleading stage.  Indeed, "[t]he pleading of evidence should be avoided." *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123–24 (2d Cir. 1991) (citing 2A Moore's Federal Practice ¶ 8.13, at 8-68 (2d ed. 1991)).  In *DiFolco*, the trial court dismissed plaintiff's breach of contract claim based on review of an email referenced in the complaint, but the Circuit Court reinstated the claim, holding that the plaintiff adequately pleaded a breach of contract claim, and that the emails incorporated by reference did not establish repudiation as a matter of law.  *DiFolco*, 622 F.3d at 113.

Here, in the proposed Third Amended Complaint, Plaintiff refers to and relies upon the autopsy report and the photographs of purported neck injuries/c-collar.  The Court therefore finds that both the report and photographs are incorporated by reference.  Defendants argue that Plaintiff makes untrue representations about the contents of the autopsy report, i.e., that the c-collar and hyoid bone fracture were not mentioned, and that Hall added "assault" to the final report without such reasoning being part of her draft report, which cannot rise to the level of a constitutional violation.  (DE 82 at 5-6.)

Defendants' arguments fail for several reasons.  First, even if Defendants are correct, they fail to address several of Plaintiff's other references to the autopsy report, such as omissions of the alleged connection between the c-collar and marks on E.R.'s neck, and alleged discrepancies between the report and other hospital records.  (PAC at ¶¶ 172, 177.)

Second, a review of E.R.'s autopsy report, in regard to purported discrepancies between the report and the pleadings, does not establish as a matter of law that Hall is free from liability as to Plaintiff's § 1983 claims.  Defendants are essentially requesting the Court to make a "fact-specific inquiry which would require the Court to resolve disputed fact questions beyond the

7

complaint, and it is therefore a question not appropriate for resolution on a test that considers only whether the complaint states a cognizable claim upon which the plaintiff may obtain relief." *Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, 220 F.R.D. 39, 40 (S.D.N.Y. Feb. 5, 2004). To that end, it is not the Court's duty "to assay the weight of the evidence which might be offered in support" of a complaint. *DiFolco*, 622 F.3d 104, 113.

Defendants also argue that any claim for conspiracy against Hall "must be dismissed" pursuant to the intra-corporate conspiracy doctrine. (DE 82 at 7.) "The intra-corporate conspiracy doctrine posits that officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other." *Varricchio v. County of Nassau*, 702 F. Supp. 2d 40, 62 (E.D.N.Y. 2010) (citations omitted). There is an exception to the intra-corporate conspiracy doctrine if a plaintiff adequately alleges that a defendant had an independent, personal conspiratorial purpose. *Broich v. Incorporated Village of Southampton*, 650 F. Supp. 2d 234, 247 (E.D.N.Y. 2009) (internal quotation and citations omitted). "Whether the doctrine applies depends upon whether each defendant was acting in furtherance of the municipality's interests, or whether their conduct was motivated by an independent personal interest . . . [T]here must be some other personal interest or stake alleged on the part of the individual defendants." *Id.* (internal citation and citations omitted).

While Defendants assert that conspiracy claims against Hall should be *dismissed*, rather than arguing that the Court deny Plaintiff leave to *plead* such claims in the Third Amended Complaint, the Court construes Defendants' argument as stating that the claims would be futile. As such, considering whether such claims could withstand a motion to dismiss under Rule 12(b)(6), the Court finds that Plaintiff did not allege that Hall, an employee of Suffolk County,

8

was motivated by an independent personal interest. Accordingly, to the extent any of Plaintiff's claims against Hall arise out of alleged conspiratorial conduct, those claims would be barred by the intra-corporate conspiracy doctrine. *See Everson* v. *New York City Transit Authority*, 216 F. Supp. 2d 71, 76 (E.D.N.Y. 2002) (holding that NYCTA cannot conspire with one of its own employees under the intra-corporate conspiracy doctrine, and that personal interest exception did not apply because plaintiff did not plead anything in the complaint regarding employee's motive aside from personal bias, which does not constitute personal interest); *see also Rodriguez v. City of New York*, 644 F. Supp. 2d 168, 201 (E.D.N.Y. 2008) (dismissing conspiracy claims under § 1983 because plaintiff failed to provide any evidence that defendants were acting solely in their personal interests, separate from their duties as employees of the NYPD).

### IV.  CONCLUSION

Based on the foregoing, Plaintiff's second motion to amend the complaint to add Defendant Dr. Odette Hall is granted except for claims against Hall arising out of alleged conspiratorial conduct. Plaintiff shall file the Third Amended Complaint, revised in accordance with the rulings herein, on or before November 2, 2021.

Dated: Central Islip, New York
       October 19, 2021

SO ORDERED:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge