UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BEFORE: JAMES M. WICKS, U.S. MAGISTRATE JUDGE                  DATE: 5/9/2022
                                                               TIME: 12:00 PM
                                                            ☐ SEALED PROCEEDING

**CIVIL CAUSE FOR STATUS CONFERENCE**
**CASE:** 2:20-cv-01501-JS-JMW, White v. County of Suffolk et. al.

APPEARANCES:

    For Plaintiff:    Stephanie McClure

    For Defendants:   Brian C. Mitchell and Kyle O. Wood

Court Reporter/FTR: 12:02-12:35 (video)

**THE FOLLOWING RULINGS WERE MADE:**

☒      Status Conference held. A discussion was held regarding the parties' respective positions on the discovery disputes addressed in their joint status letter [113]. The following rulings were made:

1. The start date from which the look-back period for *Monell* discovery is calculated: The Court having considered the submissions and arguments of counsel, including Plaintiff's own prior request [DE 108] that the period be calculated from July 2019 (Plaintiff's exoneration), and the authority provided by the County, namely, *Plaintiffs # 1-21 v. The County of Suffolk,* 15-CV-2431 (E.D.N.Y. June 13, 2017) (then-MJ, Honorable Gary R. Brown applying commencement of action date to go back three years), the look-back period for the *Monell* discovery previously ordered [DE 111] is to be calculated from July 2019.

2. The parties' proposed Protective Order regarding the disclosure of medical records of Edwin Rivera is hereby So-Ordered with the Court's modifications noted therein regarding the proper procedure for filing sealed documents within the Eastern District of New York. *See* DE [117].

3. On or before 5/13/2022, the parties shall meet and confer regarding (1) disclosure of records pertaining to Defendant Spota; and (2) entering into a confidentiality agreement pertaining to the subject specific officer files. The parties shall file a joint letter on or before 5/16/2022, advising whether these issues have been resolved. Specifically, if Plaintiff does not agree to enter into a confidentiality agreement, Plaintiff shall set forth the asserted legal basis why a confidentiality order to facilitate production would be inappropriate under the circumstances of this case.

4. The County Defendants are directed to provide Plaintiff with the concise officer history records that relate to the nature of the claim on or before 6/1/2022.

        SO ORDERED
        /s/ *James M. Wicks*
        JAMES M. WICKS
        United States Magistrate Judge