# LAW OFFICE OF STEPHANIE MC CLURE

101 Avenue of the Americas; 9th Fl
New York, New York 10013
646-417-8380

Lic. NJ, NY, CA, MA
*Certified by the NJ Supreme Court
as a Criminal Trial Attorney

May 16, 2022

Via ECF

Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza
Central Islip, New York 11722

    **Re:    White v. County of Suffolk, et al;
            Case No.: 2:20-cv-01501**

Dear Judge Wicks:

    Pursuant to Your Honor's Order of May 9, 2022 [DE 116], the parties have met and conferred and hereby submit this joint letter regarding the status of the outstanding issues, including issues regarding confidentiality and the disclosure of records relating to the criminal investigation and prosecution of Thomas Spota and several Suffolk Police Officers.

    1.    **<u>Disclosure regarding the "Thomas Spota" records</u>**

**<u>Plaintiff's Position</u>**

    It is plaintiff's understanding that the County has agreed to provide internal affairs records relating to any investigation of any police officer that was triggered by what County Counsel has referred to as the "Christopher Loeb case." Additionally, counsel has now acknowledged receipt of discoverable files received from other agencies, including the FBI, and has agreed to disclose those records. It appears this item has been resolved for the purpose of the outstanding motion and issues at hand.

**<u>Defendant's Position</u>**

<u>Internal Affairs investigation of former Suffolk Police Chief James Burke</u> ("records pertaining to Defendant Spota). The investigation into the events underlying the conduct engage in by former Chief James Burke (and a number of other Suffolk Police Officers) has not yet been completed. I have confirmed, however, that

certain documents were provided to the Internal Affairs Bureau from the United States Attorney and/or the FBI relating to its investigation of former Chief Burke, which ultimately resulted in a further investigation and prosecution of Mr. Spota.   Even though the Internal Affairs investigation itself is not yet completed, we do not object to providing documents relating to the Internal Affairs investigation, including any internal correspondence, statements, or Federal 302 memorandum.


2.    **Negotiation / Confidentiality Stipulation**

**Plaintiff's Position**

Plaintiff is willing to negotiate terms of a Confidentiality Stipulation.  Specifically, during our "meet and confer," plaintiff advised that he is willing to keep confidential sensitive information, including but not limited to, all personal identifiers including: 1) Date of Birth; 2) Social Security Numbers, 3) personal addresses, 4) health information, 5) child victim names, and more.  During our "meet and confer," the undersigned suggested that defense counsel provide a list of *any further areas* of sensitive information he feels are ripe for confidentiality and advised the undersigned would present them to plaintiff with an eye toward resolving this issue.  Defense counsel ended negotiation at that time and advised he was not interested in further negotiating any such terms.

In other words, plaintiff advised that his is willing to lift the burden of production and redaction from the defendants *entirely* by entering into a Confidentiality Stipulation to keep sensitive information confidential. Plaintiff is being reasonable and to date, has expressed that he would agree to keep confidential every category of sensitive information raised by Defendants.  Such an agreement would nullify any burden of production. County Counsel expressed he was not interested in such an agreement.

Through these discussions, it became crystal clear that County Counsel's true concern was protecting Internal Affairs documents themselves.  He cannot be concerned with the burden of production, as plaintiff's agreement would nullify it.  The County is using this "redaction argument" as a ruse, when in fact, what the County is looking for, is an agreement from plaintiff not to share the documents themselves, whether all sensitive information is redacted or not.  The County is essentially seeking a protective order for all internal affairs files, an order for which there is no basis in law, nor no proper motion made before the court.

In general, it is the party moving for a protective order who bears the burden of establishing a basis for the entry of such order. *Dove v. Atl. Capital Corp*., 963 F.2d 15, 19 (2d Cir. 1992).  In this case, *plaintiff is agreeing to relieve the County of any burden of production by negotiating terms of a Confidentiality Stipulation.*  Again, thus far, the plaintiff has expressed a willingness to agree to keep confidential every category of potentially sensitive information raised by the defendants, who completely "shut down" all negotiation after seeing how reasonable plaintiff was in its willingness to keep private the sensitive information about which they were allegedly concerned.

The circumstances at bar do not meet the standard for a R. 26 protective order, nor is there any such motion pending, nor any other reason in the law that might compel a confidentiality order from this court. This is especially so since there is no longer any argument for any burden of production. To order confidentiality would impermissibly impede plaintiff's First Amendment rights, and he is not bound by any arm of the public officer's law or laws relating to FOIL requests, which simply do not apply here. Any such order would violate plaintiff's Constitutional rights without basis in the law, and under circumstances where the defendants have neither moved for a protective order, nor met their burden of giving this court a basis for it, where the plaintiff has agreed to relieve the burden of production.

## Defendant's Position

In order to facilitate an orderly and least burdensome production of what will most likely amount to thousands of Suffolk County Internal Affairs investigative files, the County respectfully submits that production should be done under a stipulation of confidentiality consistent with that appearing on the Court's webpage. Subject to the terms of the stipulation the County will provide all the discoverable files in a wholly un-redacted format. The County respectfully submits that this will be the smoothest, least burdensome and least costly method of production of the files.

In the event a confidentiality stipulation is not entered into, it will require the County to redact a great deal of information in each individual file, including personal identifiers such as dates of birth and social security numbers, medical information, criminal history information that may no longer be public, and employer personnel records. While some files may require more redaction than others, most likely all files will need some form of redaction.

The plaintiff, has indicated that he is not willing to enter into a confidentiality stipulation in regards to the production of the files, but has offered as a compromise, that he will take the burden of redaction upon himself after the County has produced all the files in an unredacted format. The County respectfully submits that plaintiff's suggestion is untenable as there may be information in the records that the plaintiff may not know to redact, or that the parties will disagree on whether the information should be redacted in the first place. Further, upon redaction, the plaintiff would then be required to provide the redacted versions of the files to the County along with the original unredacted copies.

The County submits that the smoothest, easiest and least burdensome method of production of the subject thousands of files, is through a stipulation of confidentiality consistent with that appearing on the Court's webpage.

3.  **Concise Officer History Reports**

    **Plaintiff's Position.**

    Your Honor Ordered the Defense to provide Concise Officer History Reports that "relate to the nature of the claim." [DE 116]. Plaintiff acknowledges receipt of reports for the named defendants (only). Instantaneously after the conference, County Counsel was able to immediately obtain these reports and emailed the 9-page disclosure within minutes of ending the last conference. This proves that this information is *readily and easily* discoverable and places no burden of production on counsel or the County at all. Plaintiff's position is that the additional Concise Officer History records requested by the Plaintiff, that relate to the nature of the claim, and as Ordered by the Court, must be provided. Finally, Plaintiff's final position, regarding third-party inspection of the IaPro system that houses these data compilations, should also be ordered as previously placed on the record, in order to allow plaintiff to assess the ability to produce a full copy of this ESI and at what cost.

    Plaintiff's counsel attempted to engage the defense in a conversation regarding these additional topics in effort to reach a resolution during our "meet and confer." Disappointingly, Counsel advised that he was not willing to discuss any additional issues, as we were not specifically ordered to do so by Your Honor at [DE 116.]

    **Defendant's Position.**

    Concise Officer Histories
    On May 9, 2022, within minutes of the conclusion of our conference, I provided Ms. McClure with the concise officer histories for the named defendant officers.

That concludes the joint status report recently Ordered. The

Respectfully submitted,
/s/ Stephanie Mc Clure, Esq.

SMC/

Cc:     Brian Mitchell, Esq.

        Kyle Wood, Esq.