# LAW OFFICE OF STEPHANIE MC CLURE

101 Avenue of the Americas; 9th Fl
New York, New York 10013
646-417-8380

Lic. NJ, NY, CA, MA
*Certified by the NJ Supreme Court
as a Criminal Trial Attorney

June 27, 2022

Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza
Central Islip, New York 11722

   Re: White v. County of Suffolk, et al; Case No.: 2:20-cv-01501

Dear Judge Wicks:

  This office represents plaintiff, Samuel White in the above matter. The following letter objection is submitted in opposition to the County Defendants' motion for a protective order. By way of brief background, this court previously ordered disclosure of certain Internal Affairs records. All such files are available for discovery in electronic format according to recent deposition testimony. Your Honor ordered the parties to meet and confer regarding the issue of confidentiality. The parties conferred and plaintiff advised that he was willing to keep confidential such personal information as that covered by the Public Officer's Law and would bear the burden of redaction. Defendants made clear they are unwilling to negotiate terms of any redactions or stipulation unless the plaintiff agrees to keep all documents and depositions confidential. Defendants do not distinguish whether some material may already be public, whether some may be made publicly available under law, whether some were previously discovered, or whether material may be redacted in a form which, pursuant to Public Officer's Law §89(c)(i), "shall not be considered an unwarranted invasion of privacy." The issue for this court is whether defendants have met their legal burden to articulate specific facts and harm, showing "good cause" for the broad protections they seek. They have not.

  In his oft-cited decision, the late District Judge Weinstein recalled the following foundational principles in *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988). **Protective orders should not be granted without good reason. They restrict public access to discovery materials and depart from the general proposition that pretrial discovery must take place in the public unless compelling reasons exist…."** (Emphasis added.) *King* at 190. *King* reminded us of the importance of the public concern in cases brought under §1983. **Each citizen, (*not "litigant"*), "acts as a private attorney general who 'takes on the mantel of the sovereign,' guarding for all of us, the individual liberties enunciated in the Constitution. Section 1983 represents a balancing feature in our governmental structure whereby individual citizens are encouraged to police those who are charged with policing us all."** *King* at 195. *King* is viewed as the seminal case in District governing issues of confidentiality and Rule 26(c) is, of course, the underlying authority. Defendants have "cut and pasted" Your Honor's Memorandum reciting case law from DE [70] in the pending *Edwards v. Nassau pro se* litigation at 2:13-CV-04345. However, they have failed to provide this court with a *scintilla* of fact or argument to show how or

why their request meets the burdens established by the cases cited, nor have they made any effort to distinguish the case at bar factually. All of the cases so cited by the Defendants require a <u>denial</u> of this motion.

Rule 26(c) authorizes the court, for good cause, to issue protections from "annoyance, embarrassment, oppression, or undue burden or expense." The establishment of "good cause" is a burden laid upon the *movant* and is an <u>initial threshold question</u>. In *Edwards,* Your Honor cited to *Gordon v. Target Corp*. 318 F.R.D. 242 (E.D.N.Y. 2016) to establish that the burden lies *in the first instance*, on a moving party's ability to first establish good cause. *Gordon* at 246. In fact, the very next sentence of the *Gordon* opinion characterizes this initial burden as "**an essential condition precedent**." *Id*. In *Gordon,* the defendant sought a protective order staying discovery of a surveillance video, assuming the personal injury plaintiff in that case would tailor future deposition testimony to the information on the video. However, as the *Gordon* court stated: Conclusory assertions and the "whiff" of possible improprieties on the part of plaintiff are insufficient to establish good cause. Bald assertions, consequently, cannot serve as the necessary factual predicate for a protective order**.** *Id*. The *Gordon* court denied the request, without moving onto any balancing of the interest tests. In doing so, the *Gordon* court also referenced the Hon. District Court Judge Azrack's reasoning in her ruling in *Rofail v. United States*, 318, F.R.D. 53 (E.D.N.Y. 2005). Her Honor opined that, **if courts routinely granted protective orders based on hypotheticals, absent sufficiently pleaded factual predicates, the motion for a protective order *itself* would become the "good cause."** *Rofail* at 58. Her Honor rebuked that proposition, stating that procedure would represent "a change to the rules to which (she) would not contribute." *Id*. Factual contentions and claims to harm must be set forth by the party seeking the order. Judge Azrack distinguished the bald assertions in *Rofail* from the movant's claim in *Lang v. Walmart Stores, Inc.,* CV 15-2528, wherein defendant articulated that Lang *had already pleaded a detailed version of events in her complaint that was plainly contrary to a surveillance video in their possession*, and for that reason, sought an order requiring disclosure only after plaintiff's deposition. The distinguishing factor was the articulation of specific facts and harm by the moving party. *Id*. *Lang* was plainly different from the situation in *Gordon*, *Rofail*, and in the case at bar, in which the defendants merely rely on the court's *authority* to issue protective orders, without explaining any factual predicate for it, nor the harm they seek to prevent. That said, the County Defendants' failure to set forth any factual predicate at all in their moving papers requires a denial of this motion under *Gordon* and *Rofail*. Even if this court considers the legal argument of counsel as perhaps bearing some indicia of factual basis by *inference*, (which it should not), the motion must be still denied. Defendants seem to rely upon an "unwarranted invasion of personal privacy" prohibited by Public Officer's Law ("POL") §87(b) as the basis for confidentiality. However, defendants fail to establish that the records they seek to protect require protection*,* due to the fact that plaintiff has agreed to negotiate redactions consistent with the POL, such that the pertinent records **shall not constitute an unwarranted invasion of privacy under POL §89(c)(i)**.

The County has made abundantly clear their true concern has nothing to do redactions, or any "burden of production," but rather they seek a broad order preventing dissemination of discovery. Any other suggestion is disingenuous. The argument that the undersigned (a long-time district attorney) "may not know what to redact," is nonsensical. Plaintiff has expressly offered to meet and confer with counsel and agree upon a list of redactions consistent with the concerns raised in the applicable sections of the POL and was immediately rebuffed. Notwithstanding defense counsel's reluctance to continue the meet and confer, it is inescapable that pursuant to POL §89(c)(i), documents **"shall not be construed to constitute an unwarranted invasion of personal privacy when identifying details are deleted."** POL §89(c)(i).

Plaintiff will not agree to restraints or protective orders absent compulsory authority, not because he is being obstructionist, but to do so is to give up important rights. Such is the reason why nearly every Circuit requires a threshold showing and further analyses to protect private and public interests. In fact, even if an initial showing of good cause *was made,* the court would have to then consider other factors that militate *against* issuing a protective order. United *States v. Hooker Chemicals & Plastics Corp.,* 90 F.R.D. 421, 425 (W.D.N.Y.1981). For example, it should consider "whether the order will prevent the harm alleged by the movant, whether there are *less restrictive means* of preventing the threatened harm, the interests of the party opposing the motion, and the interests of the public. In the context of a motion to prevent dissemination of information obtained through discovery, it is appropriate to consider the other party's First Amendment interests, the nature of the information, and whether the public has an interest in learning of that information." *Koster v. Chase Manhattan Bank*, 93 F.R.D. 471, 479 (S.D.N.Y. 1982). In this case, the interests of plaintiff and the public are very strong. The people of Suffolk County have a substantial interest in "policing those who police them." *King at 195.* This is because of the relentless corruption which has been widely exposed by the Federal government and the media, including corruption specifically in the County's Internal Affairs department, District Attorney's Office, and where their former DA himself is imprisoned for covering-up wrongdoing by police. To allow Suffolk County to skirt their legal burden to show good cause by articulating clear and specific facts and harm and instead relying on what they believe to be "norms" would facilitate the underlying problem and deny plaintiff his rights as a litigant and due process, subjecting plaintiff to restraints without cause. Furthermore, plaintiff will not subject himself to such an order under the defendants' suggestion that he can simply move to de-designate in the future. Such is no "simple" task, as the legal burden to de-designate is substantial, requiring some improvidence in the granting of the order, exceptional circumstance, or compelling need.

Suffolk County has consistently been obstructionist to this plaintiff's discovery requests. Even with regard to disclosure of *plaintiff's own file,* the County would not voluntarily disclose it without a confidentiality agreement. Instead, the undersigned had to bring a full motion to unseal which took months to conclude. Suffolk County's relentless pursuit of secrecy is reflective of long-standing problems. As noted by Judge Weinstein in *King,* this court has observed this dynamic. In this **"court's experience of the many different police departments who have appeared as defendants, Suffolk County has been one of the most reluctant to cooperate in ... disclosures.... the court is surprised at defendant Suffolk County's resistance to the disclosure of these documents, since such resistance can only be interpreted as an intent to use artificial, technical objections in order to make the task of a litigating plaintiff in a civil rights suit more difficult."** *King* at 197. Years later, that norm remains and parallels, in spirit, aspects of plaintiff's substantive *Monell* claims. The fact that plaintiff still does not have parts of his own file from the Suffolk County DA's Office that should have been discovered in 2016, is illustrative. In this instance, Suffolk County has failed to even attempt to articulate any specific facts or harm in their instant application, and their motion must therefore be denied under *Gordon* and *Rofail.*

In the event this court is inclined to consider any analysis beyond the initial critical threshold, which we respectfully maintain it should not, the undersigned requests the opportunity for formal briefing and oral argument.

Respectfully submitted,

/s/ Stephanie Mc Clure, Esq.

SMC/