UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
SAMUEL WHITE,

                      Plaintiff,

      -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT, RONALD TAVARES, MICHAEL MILAU,
SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE,
DARRYL LEVY, LAURA NEWCOMBE, THOMAS SPOTA,
JOHN DOES 1-10, TIMOTHY SINI, OFFICE OF THE
MEDICAL EXAMINER CRIME LABORATORY
(SUFFOLK COUNTY), HELEN WONG, M.D.,
JOHN PETERSON, JAMES McGUINNESS, and
ODETTE R. HALL,

                      Defendants.
----------------------------------------------------------------------------X

**ORDER**

20-CV-1501 (JS) (JMW)

**Stephanie McClure**
Law Office of Stephanie McClure
101 Avenue of the Americas, 9th Floor
New York, NY 10013
*For Plaintiff*

**Brian C Mitchell**
Suffolk County Dept. of Law-County Attorney
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788
*For County Defendants*

**Anthony M. LaPinta**
**Kyle O Wood**
200 Vanderbilt Motor Parkway
Suite C-17
Hauppauge, NY 11788
*For Defendant Thomas Spota*

1

**WICKS,** Magistrate Judge:

District Judge Mark W. Bennett's keen observations come to mind when, in some cases like this, "[d]iscovery – a process intended to facilitate the free flow of information between parties – is now too often mired in obstructionism."  Indeed, he remarked that "[s]omething is rotten, but contrary to Marcellus's suggestion to Horatio, it's not in Denmark. Rather, it's in discovery in modern federal civil litigation right here in the United States." *Security Nat'l Bank of Siox City, Iowa v. Abbott Labs.,* 299 F.R.D. 595, 596 (N.D. Iowa 2014).  This motion is the latest discovery clash between the parties.

Plaintiff Samuel White ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 asserting due process and equal protection violations, based on alleged false arrest, malicious prosecution, denial of a fair trial, failure to intervene, conspiracy and failure to train or supervise against the County of Suffolk, the Suffolk County District Attorney's Office, the Suffolk County Police Department, Ronald Tavares, Michael Milau, John Does 1-10, Daryl Levy, Laura Newcombe, Thomas J. Spota III, Timothy Sini, Helen Wong, the Suffolk County Medical Examiner Crime Lab, James McGuiness, John Peterson, and Odette R. Hall.  Plaintiff alleges that Defendants fabricated a case against him in an effort to charge him with manslaughter arising out of an incident that occurred on May 25, 2016, during which he was approached by a man who threatened to rob him.  (DE 87.)  Plaintiff alleges that he went to the police department to report the attempted robbery, where he was then arrested.  (*Id.*)  Following a jury trial in July of 2019, Plaintiff was acquitted.  (*Id.*)

As noted above, a myriad of discovery disputes has ensued since the inception of this case.  Now before the Court is Defendants'[1] motion for a protective order (DE 119) directing

---

[1] With the exception of Defendant Spota, who does not take a position on the motion.

that the production of Suffolk County Internal Affairs Bureau ("IAB") investigative files be subject to an order of confidentiality. Plaintiff opposes. (DE 120.) For the reasons that follow, Defendants' motion is GRANTED.

## I.     BACKGROUND

On April 19, 2022, the undersigned issued an Order granting in part and denying in part Plaintiff's second motion to compel *Monell* discovery. (DE 111.) Specifically, Defendants were directed to produce records dating back 10 years from July 2019[2] for the following:

- Named Defendants: the requested files that relate to the nature of the claim (i.e., the 11 specific categories Plaintiff identified[3]), regardless of outcome and substantiated findings for any allegation, for the entire career of each named Defendant.

- Non-Defendant Officers: Internal Affairs files that relate to the nature of the claim (i.e., the 11 specific categories Plaintiff identified), dating back to 2008. Records dating back to 2014 shall include *all* records regardless of outcome and substantiated findings for any allegation.

According to Defendants, the production is anticipated to include approximately 2,500 files. (DE 119.) Defendants do not dispute that the records must be produced, but request that the documents be subject to a stipulation and order of confidentiality. (*Id.*) At the Status Conference on May 9, 2022, a discussion was held regarding the parameters of a confidentiality

---

[2] The look-back period of July 2019 was further disputed by the parties after the Order (DE 111) was issued, and after considering the parties' respective submissions and arguments, the Court upheld its decision for the look-back period to be calculated from July 2019. (*See* DE 116.)

[3] The 11 categories were a result of this Court's prior Order (DE 90) directing Plaintiff to articulate a list of the specific types of case files that are being sought, tailored to the claims being asserted in this case. (DE 90.) The categories are: Abuse of Authority, Biased Policing, Bribery/Official Misconduct, Civil Rights Violation-Other, Excessive Force, Fail to Perform Duty, False Arrest, Illegal Search/Seizure, Improper Supervision, Lying/False Statement, and Misconduct. (DE 105; DE 108.)

Defendants subsequently made a motion for reconsideration of the Court's April 19, 2022 Order (DE 111), requesting to remove the Excessive Force category from the list of case files to be produced. (DE 112.) The request was denied. (*See* Electronic Order dated May 9, 2022.)

agreement and the parties were directed to further confer regarding such agreement. (DE 116.) On May 16, 2022, the parties filed a joint status letter (DE 118) advising that they could not come to an agreement regarding the scope of a confidentiality agreement. Defendants then filed the subject motion for a protective order. (DE 119.) Specifically, citing to New York Public Officers Law § 87(2)(b), Defendants request that plaintiff be required to keep confidential any records that are not otherwise available to the public under New York law, as well as personal information of third parties. (*Id.*) Defendants further assert that if the documents are produced under such a stipulation and order of confidentiality, the discoverable files would be provided in an un-redacted format. (*Id.*) Such a confidentiality order would protect privacy interests of third-party officers and also be the least burdensome and least costly method of production. (*Id.*) Plaintiff argues that Defendants have not shown good cause warranting a protective order, and that Defendants' motive for seeking a confidentiality order rather than producing the discovery with redactions, is really to seek a broad order preventing dissemination of discovery. (DE 120.) Plaintiff argues that he should be permitted to redact the documents himself and that doing so would not constitute an unwarranted invasion of privacy under New York Public Officers Law § 89(c)(i), and thus, a confidentiality order is not implicated. (*Id.*)

## II.     DISCUSSION

Rule 26(c) affords protections for abusive or embarrassing discovery, providing that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1); *see Gordon v. Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016) ("[T]he touchstone for determining whether to issue a protective order under Rule 26(c) lies, in the first

4

instance, on a party's ability to establish good cause"). The burden is on the party seeking issuance of the order to show "good cause" through "particular and specific facts" as opposed to "conclusory assertions." *Rofail v. United States*, 227 F.R.D. 53, 54–55 (E.D.N.Y. 2005). "If the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Id.* at 55.

"Because of the interest in broad discovery, the party opposing the discovery of relevant information, whether through a privilege or protective order, bears the burden of showing that based on the balance of interests the information should not be disclosed." *Fowler-Washington v. City of New York*, No. 19-CV-6590(KAM)(JO), 2020 WL 5893817, at *3 (E.D.N.Y. Oct. 5, 2020) (internal quotation and citation omitted).

As noted, Defendants are not disputing that Plaintiff is entitled to the subject IAB records. Rather, Defendants will produce the documents as ordered, but wish to do so under a confidentiality order.

The late-Honorable Jack B. Weinstein set forth clear guidelines regarding confidentiality of such documents in federal civil rights actions, noting that parties are expected to stipulate to appropriate protective orders that limit disclosure of the discovery to counsel or counsel and client. *King*, 121 F.R.D. 180, 198. Even since the repeal of § 50-a[4], courts in this district have held that such records are subject to confidentiality orders, although the scope of those confidentiality orders has differed. *Compare Miehle-Kellog v. Cnty. of Suffolk*, CV 19-4943(DRH)(SIL), DE 17 (E.D.N.Y. Feb. 9, 2021) (court so-ordered confidentiality stipulation encompassing any document identified as Suffolk County Police Department Personnel files,

---

[4] Because the dispute does not hinge on whether Plaintiff is entitled to the subject records, the Court does not find it necessary to discuss the discoverability of officers' personnel records in light of the repeal of New York Civil Rights Law § 50-a.

5

Internal Affairs Reports, Autopsy Reports, Medical Records of plaintiff and any Suffolk County Police Officer, unless the Court determined such documents were not entitled to confidentiality) *with Fowler-Washington v. City of N.Y.*, 19-CV-6590(KAM)(RER), 2020 WL 7237683, at *5 (E.D.N.Y. Dec. 9, 2020) (holding that protective ordered entered into was appropriately limited because the order "provides that materials available to the public are not confidential, [and] Plaintiff is required to keep confidential the documents and records that are not otherwise available to the public under New York law, and personal information of third parties (though both categories of information can be shared with those who are preparing Plaintiff's case, or witnesses at depositions)") *and Walls v. City of N.Y.*, 19 Civ. 337 (RPK) (VMS), 502 F. Supp. 3d 686, 690 (E.D.N.Y. 2020) (referencing confidentiality stipulation court previously entered (ECF No. 29) wherein Internal Affairs Bureau documents among other disciplinary and investigative documents and medical records were deemed not confidential "to the extent, and only to the extent, that they are: (a) obtained by Plaintiffs from sources other than Defendants, or (b) are otherwise publicly available.").[5]

      Here, the Court agrees that a confidentiality order is warranted to protect certain records of third-parties that would not otherwise be publicly available, and because such an order would be efficient in light of the extensive volume of the forthcoming production. Accordingly, the scope of the confidentiality order shall be tailored as set forth in *Fowler-Washington*, *supra*, and *Walls*, *supra*. *See also Edwards v. Nassau Cnty. Corr. Ctr.*, 13-CV-4345 (JS) (JMW), 2022 WL 22736, at *5 (E.D.N.Y. Jan. 3, 2022) (finding that protective order would be appropriately limited to documents that were not otherwise available to the public or obtained by sources other than through Defendants); *Flores v. Stanford*, 18 Civ. 02468 (VB)(JCM), 2022 WL 354719, at

---

[5] The *Miehle-Kellog v. County of Suffolk* matter (19-CV-494) was re-assigned to the undersigned on May 13, 2021. (Electronic Order dated May 13, 2021.)

\*7 (S.D.N.Y. Feb. 7, 2022) ("Rule 26(c) specifically authorizes courts to enter protective orders prohibiting or specifying the terms of discovery to prevent or limit oppression or unduly burdensome disclosure") (citing Fed. R. Civ. P. 26(c)(1); *Benacquista v. Spratt*, Civ. No. 1:16-CV-0581 (DNH/DJS), 2017 WL 11286310, at \*2 (N.D.N.Y. Mar. 7, 2017)).

## CONCLUSION

Based upon the foregoing, the motion for a protective order is granted as follows: The parties are hereby directed to meet and confer with the expectation they will reach agreement on the terms of an appropriately tailored confidentiality stipulation for this Court's consideration and approval on or before August 5, 2022.

Dated: Central Islip, New York
July 18, 2022

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

7