# LAW OFFICE OF STEPHANIE MC CLURE

101 Avenue of the Americas; 9th Fl
New York, New York 10013
646-417-8380

Lic. NJ, NY, CA, MA
*Certified by the NJ Supreme Court
as a Criminal Trial Attorney

August 1, 2022

Hon. Joanna Seybert, U.S.D.J.
100 Federal Plaza
Central Islip, New York 11722

   **Re: White v. County of Suffolk, et al; Case No.: 2:20-cv-01501**

Dear Judge Seybert:

  This office represents plaintiff in the above matter. Plaintiff's complaint includes *Monell* claims, malicious prosecution, false arrest, due process and equal protection claims, as well as failure to supervise/discipline claims against the County of Suffolk. Pursuant to Fed. R. Civ. Pro. 72(a), please accept this letter objection, seeking review of the Order of the Hon. James M. Wicks, at [DE 121], granting a Protective Order over discovery, without grounds having been established by Defendants, as an essential predicate.

  Defendants filed a motion for a broad Protective Order over discovery material that includes police Internal Affairs records, deposition testimony, as well as *any* material the defendants designate as "confidential." Defendants stand behind the Public Officers Law ("POL") for their reasoning. Plaintiff has agreed to redact documents consistent with the POL and argues that there is no basis, nor have Defendants pleaded one, for confidentiality of documents that have been redacted to remove third-party names and information deemed "confidential" by the POL. In fact, the POL itself renders redacted material disclosable, specifically stating that material redacted pursuant to its guidelines is not to be considered an "unwarranted invasion of privacy." POL 89(2)(c)(i).

  Certain *Monell* discovery has been Ordered, and in attempt to reach a settlement of these confidentiality issues, plaintiff has agreed to bear the burden of redaction, removing third-party names and confidential information from discovery prior to any disclosure. Defendants have been completely unwilling to reach an agreement unless and until plaintiff agrees to keep all documents and depositions confidential, notwithstanding whether or not the documents are redacted. There is no basis for their position in law. To be sure, defendants' position runs afoul of the Public Officer's Law itself at §89(2)(c)(i), which states that disclosure "shall not be considered an unwarranted invasion of privacy" when certain enumerated categories of information is redacted. That said, the Defendants have never pleaded, nor made any showing, of "good cause" for the broad protections they seek over redacted documentation. Respectfully, Judge Wicks erred at [DE 121], granting the protective order without this essential condition precedent having been met.

In his oft-cited decision, the late District Judge Weinstein recalled the following foundational principles in *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988). Protective orders should not be granted without good reason. They restrict public access to discovery materials and depart from the general proposition that pretrial discovery must take place in the public unless compelling reasons exist…." (Emphasis added.) *King* at 190. Judge Weinstein reminded us of the importance of the public concern in cases brought under §1983. "Each citizen," (*not "litigant"*), (**emphasis added**), "acts as a private Attorney General who 'takes on the mantel of the sovereign,' guarding for all of us, the individual liberties enunciated in the Constitution. Section 1983 represents a balancing feature in our governmental structure whereby individual citizens are encouraged to police those who are charged with policing us all." *King* at 195.

Of course, it is not disputed that Rule 26(c) authorizes the court, for good cause, to issue protections from "annoyance, embarrassment, oppression, or undue burden or expense." The establishment of "good cause" is a burden laid upon the movant and is an initial threshold question. In *Edwards*, another case on Your Honor's docket: 13-CV-4345, Judge Wicks cited to *Gordon v. Target Corp*. 318 F.R.D. 242 (E.D.N.Y. 2016) to establish that the burden of requesting a protective order lies in the first instance, on a moving party's ability to first establish good cause. *Gordon* at 246. In fact, the very next sentence of the cited *Gordon* opinion characterizes the initial burden as "an essential condition precedent." *Id*. In *Gordon*, the defendant sought a protective order staying discovery of a surveillance video, assuming the personal injury plaintiff in that case would tailor future deposition testimony to the information on the video. However, as the Gordon court stated: (c)onclusory assertions and the "whiff" of possible improprieties on the part of plaintiff are insufficient to establish good cause. Bald assertions, consequently, cannot serve as the necessary factual predicate for a protective order. *Id*. The *Gordon* court denied the request, without moving onto any balancing of the interest tests. In doing so, the *Gordon* court also referenced the Hon. District Court Judge Azrack's reasoning in her ruling in *Rofail v. United States*, 318, F.R.D. 53 (E.D.N.Y. 2005). Her Honor opined that, if courts routinely granted protective orders based on hypotheticals, absent sufficiently pleaded factual predicates, the motion for a protective order itself would become the "good cause." *Rofail* at 58. Her Honor rebuked that proposition, stating that such a procedure would represent "a change to the rules to which (she) would not contribute." *Id*.

Factual contentions and claims to harm must be set forth by the party seeking the order. Judge Azrack distinguished the bald assertions in *Rofail* from the movant's claim in *Lang v. Walmart Stores, Inc*., CV 15-2528, wherein defendant articulated that Lang had already pleaded a detailed version of events in her complaint that was plainly contrary to a surveillance video in their possession, and for that reason, sought an order requiring disclosure only after plaintiff's deposition. The distinguishing factor was the articulation of specific facts and harm by the moving party. *Id*. Lang was plainly different from the situation in *Gordon, Rofail*, and in the case at bar, in which the defendants merely rely on the court's authority to issue protective orders, without explaining any factual predicate for it, nor the harm they seek to prevent.

That said, the County Defendants' failure to set forth any factual predicate at all in their moving papers requires a denial of their motion under *Gordon* and *Rofail*. In all candor, what *possibly* could be the prejudice that would prevent disclosure of fully redacted documents? The burden is not on the undersigned, nor this Honorable court, to guess. The burden is on the Defendants who are seeking desperately to keep information away from the public. Defendants rely upon Public Officer's Law ("POL") §87(b) as the basis for confidentiality, **however, defendants fail to establish that the records they seek to protect require protection, given the fact that plaintiff has agreed to redact the documents consistent with the POL. The County has made abundantly clear that their true concern has nothing to do with redactions, or any "burden of production," but rather they seek a broad order preventing dissemination of discovery documents and depositions, period.** Any other suggestion is disingenuous.

Plaintiff will not agree to restraints absent lawful authority, not because he is being obstructionist, but to do so is to give up important rights. Such is the reason why nearly every Circuit requires a threshold showing and further analyses to protect private and public interests. In fact, even if an initial showing of good cause was made, the court would have to then consider other factors that militate against issuing a protective order. *United States v. Hooker Chemicals & Plastics Corp.*, 90 F.R.D. 421, 425 (W.D.N.Y.1981). For example, it should consider "whether the order will prevent the harm alleged by the movant, whether there are less restrictive means of preventing the threatened harm, the interests of the party opposing the motion, and the interests of the public. In the context of a motion to prevent dissemination of information obtained through discovery, it is appropriate to consider the other party's First Amendment interests, the nature of the information, and whether the public has an interest in learning of that information." *Koster v. Chase Manhattan Bank*, 93 F.R.D. 471, 479 (S.D.N.Y. 1982) (emphasis added.)

Here, the <u>interests of plaintiff and the public are very strong</u>. The people of Suffolk County have an overwhelming interest in "policing those who police them," arguably more so now than ever. *King* at 195. Suffolk citizens have suffered nothing short of a **crisis, a persistent drought of integrity in law enforcement, and in particular, its Internal Affairs Department**. The former District Attorney himself is serving a prison sentence for his unlawful coverups of illegal police action and Internal Affairs frauds. The media has tried to expose this relentless corruption, including specifically the corruption in the County's Internal Affairs department. To now allow Suffolk County to skirt its legal burden to show good cause for a protective order over **redacted documents**, by articulating clear and specific facts and harm, is to facilitate the underlying problem; a lack of transparency and a lack of accountability. In this case, that translates to yet another unlawful denial of plaintiff's rights, infringing upon due process, and subjecting him to restraints of constitutional proportion, without good cause.

Suffolk County has consistently been obstructionist to this plaintiff's discovery requests. Even with regard to disclosure of *plaintiff's own file* from the District Attorney's Office, the County would not voluntarily disclose it without a confidentiality agreement. Instead, the undersigned had to bring a full motion to unseal, which took months to conclude. Suffolk County's relentless pursuit of secrecy is reflective of deeply-rooted problems and "norms" that parallel, in spirit, aspects of plaintiff's underlying *Monell* claims.

Plaintiff submits that because: (1) he has agreed to redact documents pursuant to the POL, such that they conform with POL §89(2)(c)(i); and (2) because Defendants have neither pleaded nor shown, any good cause for a protective order over such redacted documents, the motion for a protective order must be denied.

Respectfully submitted,<br>
/s/ Stephanie Mc Clure<br>
Attorney for Plaintiff

SMC/mf
cc: all counsel of record