
August 10, 2022

Hon. Joanna Seybert, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   *White v. County of Suffolk, et al.*
      20-cv-1501 (JS)(JMW)

Dear Judge Seybert,

This office represents the County of Suffolk defendants in the above referenced action.[1] The County defendants respectfully submit this letter in opposition to the plaintiff's objection to the Order of the Hon. James M. Wicks granting the County's request for a protective order in relation to the production of discovery including certain Suffolk County Police Department Internal Affairs investigative reports. (DE 121). We respectfully request that the plaintiff's objection to the Order be overruled and that the determination by Judge Wicks be affirmed.

In reaching his decision on the County's motion for a protective order, Judge Wicks found that the County had met its initial burden of showing good cause for the issuance of a protective order and then carefully balanced the interests of the plaintiff in receiving discovery with the countervailing privacy interests of the subjects of the investigative reports. The Court further determined that a protective order would be most efficient in light of the extensive volume of the contemplated production of the Internal Affairs files. (DE 121 at *6).

Discovery motions are generally considered non-dispositive. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *see also NYU Winthrop Hosp. v. Microbion Corp.*, 405 F. Supp. 3d 387, 390 (E.D.N.Y. 2019). A district judge may modify or set aside a magistrate judge's determination of a non-dispositive, pre-trial matter only where the determination is "clearly erroneous or is contrary to law." *Pressley v. City of New York*, 2016 WL 1271480, at *1 (E.D.N.Y. Mar. 31, 2016); Fed. R. Civ. P. 72(a). A determination is "clearly erroneous" where "the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," *Pressley*, 2016 WL 1271480, at *1, *quoting Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008); and "contrary to law" when "it fails to apply or misapplies relevant statutes, case law or rules of procedure," *id.* quoting *E.E.O.C. v. First Wireless Grp., Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004); see also, *Michael Grecco Prods., Inc. v. Alamy Inc.*, 2022 WL 198502, at *3 (E.D.N.Y. Jan. 21, 2022). Under the "highly deferential standard" governing Rule 72(a), "magistrate judges are afforded broad

---

[1] This Office does not represent co-defendant Thomas J. Spota, who is represented by Kyle Wood, Esq.

discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017); *Lopez Espiritu v. Hartman*, 2020 WL 93891, at *3 (E.D.N.Y. Jan. 8, 2020).

### *Judge Wicks' decision was neither clearly erroneous or contrary to law*

In his objection to Judge Wicks' Order, the plaintiff contends that the Court "erred" when it granted the protective order without the defendants establishing the requisite good cause necessary to issue such an order. Initially, it should be noted that the plaintiff's letter motion fails to even allege that Judge Wick's decision was either clearly erroneous or contrary to law. Rather the plaintiff is claiming that the defendants failed to meet the applicable standard. In reaching his decision, Judge Wicks identified the correct controlling standard to issue a protective order – first that the party seeking the protective order must show good cause, and then the Court will "balance the countervailing interests to determine whether to exercise discretion and grant the order." (DE 121 *4-5, citing *Gordon v. Target Corp.*, 318 F.R.D 242, 246 (E.D.N.Y. 2016) and *Rofail v. United States*, 227 F.R.D. 53 (E.D.N.Y. 2005). The Magistrate Judge then applied that standard to the facts of this case and concluded 1) that the defendants did in fact show good cause and 2) that a protective order was appropriate. The defendants respectfully submit that there was nothing clearly erroneous about this conclusion.

To the extent the plaintiff claims that the defendants failed to establish good cause, this argument is meritless. In support of it showing of good cause, the defendants noted to the Court that the defendants had agreed to provide a voluminous number of prior Internal Affairs Reports, but wished to do so under an appropriate stipulation and order of confidentiality. The defendants addressed that, notwithstanding the repeal of N.Y. Civ. Rights Law § 50-a, the repeal did not alter the protections afforded in the New York Public Officers Law. The defendants then noted that in conjunction with the repeal of 50 a, the New York State Legislature amended the Public Officers Law by adding multiple clauses to §§ 86, 87, and 89 addressing the disclosure of law enforcement disciplinary records and recognizing that disclosure of this type of information would result in an unwarranted invasion of personal privacy and is prohibited under POL §87(2)(b). We further noted that in Suffolk County, as well as in several other counties throughout the State, FOIL requests for disciplinary records classified as unsubstantiated, unfounded or exonerated are being withheld pursuant to N.Y. POL § 87 (2)(b) on the basis that the disclosure would constitute an unwarranted invasion of personal privacy; and that this position was consistent with that stated by the New York State Committee on Open Government FOIL AO 19775 (July 27, 2020). As such, any of the Internal Affairs files to be provided that resulted in a determination other than one of "substantiated" would not be publically available under New York law and plaintiff should be required to keep these records confidential. In further support we noted that courts in this District have reached a similar conclusion, citing *Miehle-Kellog v. County of Suffolk*, CV 19-4943(DRH)(SIL)(E.D.N.Y. Feb. 9, 2021); *Sessoms v. County of Suffolk*, CV 20-0509 (ARR)(SB)(E.D.N.Y. April 5, 2021); *Williams v. Suffolk County, et al.,* 19-cv-3790 (GRB)(AKT)(Decision and Order dated October 29, 2020, at DE 47); and *Fowler-Washington v. City of New York.* 2020 WL 5893817 at *3.

After concluding that the defendants had met the good cause burden, the Court then carefully balanced the interests of the plaintiff in receiving discovery with the countervailing privacy interests of the subjects of the investigative reports. Moreover, the Court further determined that a protective order would be most efficient in light of the extensive volume of the contemplated production of the Internal Affairs files. (DE 121 at *6). The defendants respectfully submit that, on the entire evidence, the Court should not conclude definitively or firmly that a mistake has been committed," *Pressley*, 2016 WL 1271480, at *1.

Nor was Magistrate Judge Wicks' decision contrary to law. "[A] magistrate judge's decision is contrary to law only where it runs counter to controlling authority," *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, at 172 (E.D.N.Y. 2008). While the plaintiff suggests that Judge Wicks failed to follow *Gordon v. Target Corp.*, 318 F.R.D 242, 246 (E.D.N.Y. 2016) and *Rofail v. United States*, 227 F.R.D. 53 (E.D.N.Y. 2005), the very cases which the Court cites in addressing the appropriate standard, such cases, even if not followed, are not controlling authority. District Court decisions, even from courts in the same district, are not "controlling law," even as to magistrate judges. *Mfg. Admin. & Mgmt. Sys., Inc. v. ICT Grp., Inc.*, 212 F.R.D. 110, 119 (E.D.N.Y. 2002); *Pressley*, 2016 WL 1271480, at *3.

The plaintiff has failed to show that the decision of Judge Wicks was clearly erroneous or contrary to law. The Court applied the appropriate standard for a motion for a protective order and then carefully balance the interest of the parties and fashioned a remedy consistent with that standard. Plaintiff now also objects to that remedy, and simply repeats the arguments made to the Magistrate Judge. In doing so, plaintiff improperly attempts a second bit at the apple through this objection. *Pinkney v. Progressive Home Health Servs.,* No. 06–CV–5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008); *see also Walker v. Vaughan,* 216 F.Supp.2d 290, 292 (S.D.N.Y.2002); *Duren v. County of Nassau*, WL 5406443, 1 -2 (E.D.N.Y.,2013). Although the cases cited apply to objections to Magistrate Judges Reports and Recommendations, the defendants respectfully submit that the same rational should apply to objections to discovery orders.

Based on the foregoing, the defendants respectfully submit that the plaintiff's objection to Magistrate Judge Wicks' Order granting the defendants motion for a protective order should be overruled and the Courts decision should be affirmed.

Respectfully submitted,

Dennis M. Cohen
Suffolk County Attorney

*/s/ Brian C. Mitchell*
By: Brian C. Mitchell
Assistant County Attorney

CC: All counsel via ECF