# REYNOLDS, CARONIA, GIANELLI & LA PINTA, P.C.
- ATTORNEYS AT LAW -

| | | |
|---|---|---|
| **200 VANDERBILT MOTOR PARKWAY** | | **300 OLD COUNTRY ROAD** |
| **SUITE C-17** | | **SUITE 341** |
| **HAUPPAUGE, NEW YORK 11788** | | **MINEOLA, NEW YORK 11501** |
| | | **(Correspondence to Hauppauge Office)** |

ANTHONY M. LA PINTA
JAMES T. REYNOLDS
PETER R. CARONIA (Ret.)       TEL: 631-231-1199                OF COUNSEL:
PAUL GIANELLI (Ret.)          FAX: 631-300-4380
                                                              CHRISTOPHER J. PURCELL
MICHAEL E. FEHRINGER          www.rcgllaw.com
KYLE O. WOOD                  www.lapintalaw.com

**BY ECF**

August 31, 2022

The Honorable Joanna Seybert
United States District Judge, EDNY
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722

  Re: *White v. County of Suffolk, et al.*
     CV 20-1501 (JS)(JMW)

Your Honor:

This office represents defendant Thomas Spota in the above referenced matter. On December 30, 2021, defendant Spota moved pursuant to Fed.R.Civ.P. 12(b)(6) for dismissal of the claims against him in both his official and individual capacity (DE 97). On August 17, 2022, Judge Wicks issued a Report and Recommendation (R&R) granting defendant Spota's motion in part and denying in part. (DE 124).

Initially, defendant Spota joins in the County defendants' objections filed on August 22, 2022 (DE 125) as it relates to prosecutorial immunity and adopts those arguments herein.

Specifically, defendant Spota objects to the Report's finding that a claim for supervisory liability may proceed against him in his individual capacity.

As noted in our motion to dismiss, the claims against former District Attorney Spota are based entirely on the allegation that he had a custom of overlooking unconstitutional actions of his employees or failed to supervise them. It is undisputed that there are no allegations in the third amended complaint, nor can the plaintiff produce any evidence that defendant Spota knew of or was otherwise personally involved in any of the alleged conduct of any named defendant.

As detailed in the R&R, the plaintiff argued that "the history of corruption laid out in the Complaint (*i.e.*, the various cases specifically pleaded wherein convictions were overturned or dismissed due to prosecutorial misconduct), adequately sets forth the customs in place while Spota was in office

that led to the same deprivation of Plaintiff's rights." (DE 124 at 19.) Plaintiff argued defendant Spota's sole "personal involvement" in the alleged constitutional violations was by either failing to remedy the actions of his employees after being made aware of the within misconduct and mishandlings, or that he created a custom of deprivations of constitutional rights or allowed such a custom to continue. (DE 87 ¶¶ 27, 321.)

The Report held "plaintiff has adequately pled personal involvement of Defendants Spota and Sini by setting forth detailed allegations of policies/customs that Spota created and/or let continue, and that Defendant Sini let continue upon succeeding Spota. For example, Plaintiff specifically set forth various criminal cases wherein convictions were overturned." (DE 122 at 22). The only other example provided detailed an allegation regarding defendant Tavares and internal affairs files.

Defendant Spota's lone role in this matter was to be in charge of the office which employed co-defendant ADA Newcombe and only up until November of 2017 as reflected in the pleading. Notably, defendant Spota did not preside as the District Attorney during any of ADA Levy's employment and was not with the office when the plaintiff was re-arrested in November of 2018 or during plaintiff's jury trial in July of 2019. It is not alleged Spota personally investigated the matter, nor that he personally interviewed witnesses or gathered evidence. Spota is not alleged to have personally participated in the criminal prosecution and the third amended complaint states no claim or personal participation. Plaintiff only argues that the complaint charges defendant Spota "for his participation in the culture he fostered as policymaker and manager of the District Attorney's Office . . ." (DE 23)

The plaintiff has identified no evidence to support the claim that a handful of unrelated cases in which evidentiary issues arose established the existence of a policy. A background recitation with wholly unsubstantiated claims regarding eight cases is not a valid basis to maintain defendant Spota as a party in this matter with no personal involvement. The limited fact that defendant Spota occupied the position of District Attorney is insufficient to sustain plaintiff's claim. *See id.; Ayers v. Coughlin,* 780 F.2d 205, 210 (2d Cir.1985); *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978).

The finding in the R & R that the complaint adequately pled personal involvement of defendants Spota and Sini sets an impractical and unworkable precedent. The personal involvement claim, as pled, would be considered sufficient principally because Suffolk County (approximate population of 1.5 million) had other criminal cases in which convictions were overturned, and/or misdeeds were alleged to have occurred during the plaintiff's prosecution. As a result, a supervising attorney such as defendants Spota and Sini would be subject to being individually sued in every similar §1983 Civil Rights action under a theory of failure to supervise. The purpose of establishing personal involvement was to ensure that a plaintiff must plead that each Government-official, *through the official's own individual actions*, has violated the Constitution.

The alleged custom or policy relating to defendant Spota in and of itself is not the constitutional violation. The alleged underlying conduct of ADAs Newcombe and Levy constitutes the constitutional harm. As well described in the County defendants' objection (DE 125), it is the same conduct that the Court determined the ADA defendants (Newcombe and Levy) were entitled to absolute prosecutorial immunity. None of this alleged conduct can be said to fall within the limited

administrative acts by which the District Attorney could be considered a municipal actor and as such, defendant Spota cannot be liable. (*See Van De Kamp v. Goldstein*, 555 U.S. 335 (2009)). The *Van De Kamp* court explained the rationale that absolute immunity applies to the supervising District Attorney. "[T]o permit this suit to go forward would create practical anomalies. A trial prosecutor would remain immune, even for *intentionally* failing to turn over, say *Giglio* material; but her supervisor might be liable for *negligent* training or supervision. Small prosecution offices where supervisors can personally participate in all of the cases would likewise remain immune from prosecution; but large offices, making use of more general officewide supervision and training, would not. Most important, the ease with which a plaintiff could restyle a complaint charging a trial failure so that it becomes a complaint charging a failure of training or supervision would eviscerate *Imbler*." *Van De Kamp* at 347. This is precisely the issue as pled by the plaintiff in this matter. Plaintiff's singular claim is that defendant Spota failed to supervise and train the named Assistant District Attorney Laura Newcomb. (As noted elsewhere, defendant Spota left the office in 2017 and did not supervise ADA Levy.)

In this case, defendant Spota is entitled to absolute prosecutorial immunity for his alleged supervisory role of the named Assistant District Attorney defendant, who was herself entitled to absolute immunity. Accordingly, we respectfully request that our objection to the Report and Recommendation of the Hon. James M. Wicks be sustained, and the motion to dismiss pursuant to Fed.R.Civ. P. 12(b)(6) relating to the claim against defendant Spota be granted.

I thank the Court in advance for its consideration of this request.

Respectfully submitted,

*Kyle Wood*
KYLE WOOD
Reynolds, Caronia, Gianelli & La Pinta, P.C.
*Attorneys for Defendant Spota*


Cc: STEPHANIE MCCLURE, ESQ. (Via ECF)
Law Office of Stephanie McClure
Attorney for Plaintiff
101 Avenue of the Americas, 9th Fl.
New York, New York 10013


BRIAN C. MITCHELL, ESQ. (Via ECF)
Assistant County Attorney
100 Veteran's Memorial Highway
Hauppauge, New York 11788