UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
SAMUEL WHITE,

                Plaintiff,             <u>PARTIAL ADOPTION ORDER</u>
                                     20-CV-1501(JS)(JMW)

     -against-

COUNTY OF SUFFOLK; SUFFOLK COUNTY
POLICE DEPARTMENT; RONALD
TAVARES; MICHAEL MILAU; SUFFOLK
COUNTY DISTRICT ATTORNEY'S
OFFICE; DARRYL LEVY; LAURA
NEWCOMBE; THOMAS SPOTA; JOHN DOES
1-10; TIMOTHY SINI; OFFICE OF THE
MEDICAL EXAMINER CRIME LABORATORY
(SUFFOLK COUNTY); HELEN WONG;
ODETTE R. HALL, M.D.; JOHN
PETERSON; and JAMES McGUINNESS,

                Defendants.
--------------------------------X

APPEARANCES
For Plaintiff:      Stephanie McClure, Esq.
                 LAW OFFICE OF STEPHANIE MCCLURE
                 101 Avenue of the Americas, 9th Floor
                 New York, New York  10013

For All Defendants Brian C. Mitchell, Esq.
(except Defendant   SUFFOLK COUNTY DEP'T OF LAW-COUNTY ATTORNEY
Spota):           100 Veterans Memorial Highway
                 P.O. Box 6100
                 Hauppauge, New York  11788

For Defendant     Anthony M. LaPinta, Esq.
Spota:            Kyle O. Wood, Esq.
                 LAW OFFICES OF ANTHONY M. LA PINTA
                 200 Vanderbilt Motor Parkway, Suite C-17
                 Hauppauge, New York  11788

SEYBERT, District Judge:

INTRODUCTION

Plaintiff Samuel White ("Plaintiff" or "White") commenced this Section 1983 Civil Rights action on March 21, 2020, seeking monetary damages and non-monetary relief for alleged violations of due process and equal protection, false arrest, malicious prosecution, denial of a fair trial, failure to intervene, denial of right to counsel, fabrication of evidence, presentation of false evidence to the grand jury and an appellate court, conspiracy, and failure to train or supervise. (See Compl., ECF No. 1; see also Third Am. Compl. ("TAC"), ECF No. 87.)  The action is premised upon Defendants' alleged fabrication of a case against White in an effort to charge him with manslaughter arising out of an incident that occurred on May 25, 2016, during which White was approached by a man who threatened to rob him; despite going to the police to report the incident, White was arrested, tried, and acquitted.

Defendants Assistant District Attorney Laura Newcombe ("Newcombe"), Assistant District Attorney Daryl Levy ("Levy"), and Suffolk County District Attorney Timothy Sini ("Sini"; collectively with Newcombe and Levy, the "County Defendants") move to dismiss White's Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that all claims against them should be dismissed as they are entitled to absolute

2

prosecutorial immunity and sovereign immunity, and that Plaintiff's claims for equitable relief against them should be dismissed. (See generally County Def. Support Memo, ECF No. 96-2.) Separately Defendant Spota ("Spota") moves pursuant to Rule 12(b)(6) arguing that Plaintiff's claims fail because: White has not plead that Spota was personally involved in any alleged constitutional deprivation; all claims against Spota should be dismissed based upon sovereign immunity, prosecutorial immunity, and qualified immunity; and, Plaintiff's equitable relief claims should be dismissed. (See generally Spota Support Memo, ECF No. 97-2.) Plaintiff opposes both dismissal motions of the moving defendant prosecutors. (See Opp'n, ECF No. 103.) On April 7, 2022, the Court referred the County Defendants' Dismissal Motion and Spota's Dismissal Motion to Magistrate Judge James M. Wicks for a report and recommendation.

Presently before the Court is Magistrate Judge Wicks' Report & Recommendation ("R&R" or "Report) recommending the Dismissal Motions be granted in part and denied in part. (See R&R, ECF No. 124.) The Court assumes the parties' familiarity with the Report to which the County Defendants, Spota, and White have each objected.[1] (See County Obj., ECF No. 125; Spota Obj., ECF No. 126; and Pl. Obj., ECF No. 127.) For the reasons stated

---

[1] Further, the Court assumes the parties' familiarity with the terms of art defined in the R&R, which are incorporated herein.

herein: the Court overrules in part and sustains in part the County Defendants' objections; overrules Spota's objections; overrules Plaintiff's objections; adopts in part and rejects in part the R&R; and grants in part and denies in part the County Defendants' and Spota's respective Dismissal Motions.

<u>RELEVANT BACKGROUND</u>

Having reviewed the TAC <u>de novo</u>, over Plaintiff's objection, the Court adopts the "Relevant Factual Background" stated by Magistrate Wicks in his Report, finding it accurately summarizes the relevant facts alleged in the TAC pertaining to the County Defendants and Spota, and which is incorporated herein. (<u>See</u> R&R at 3-7.)  Similarly, the Court adopts the Magistrate Judge's recitation of the "Relevant Procedural History", which is also incorporated herein.  (<u>See</u> <u>id.</u> at 7-9.)  For the reader's convenience, however, the Court reiterates the following.

Pursuant to his fourth complaint, styled the "Third Amended Complaint, <u>i.e.</u>, the TAC, White:

> set[s] forth twenty-one causes of action, claiming violations of U.S.C. § 1983 for false arrest (first and second causes of action), malicious prosecution (third and fourth causes of action), withholding critical <u>Brady</u> evidence (fifth cause of action), denial of a fair trial/fabricating evidence (sixth cause of action), denial of a fair trial/withholding evidence (seventh cause of action), failure to intervene (eighth cause of action), due process violations of the 4th amendment (ninth and tenth causes of action),  due process violations of the 14th amendment (eleventh and

twelfth causes of action), due process violations of the 6th amendment (thirteenth cause of action), due process violations of the 14th amendment (fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth causes of action), violation of equal protection (nineteenth cause of action), violations of § 1985 for conspiracy (twentieth cause of action), and violations of § 1983 for failure to supervise, investigate, train, and discipline (twenty-first cause of action).

(R&R at 8; see also generally TAC.)   He has sued all the individually named Defendants in both their individual and official capacities.  (See id (citing TAC ¶ 28).)

Pursuant to their Dismissal Motion, the County Defendants argue "that all claims against them should be dismissed because they are entitled to absolute prosecutorial immunity and sovereign immunity, and that Plaintiff's claims for equitable relief against [them] should be dismissed."  (R&R at 9 (citing generally County Def. Support Memo).)  Spota asserts: "Plaintiff's claims against him should be dismissed for failure to plead that he was personally involved in any alleged constitutional deprivation"; "all claims against him should be dismissed based upon sovereign immunity, prosecutorial immunity, and qualified immunity"; and, "Plaintiff's equitable relief claims should be dismissed."  (Id. (citing generally Spota Support Memo).)

MAGISTRATE JUDGE WICKS' R&R

Magistrate Judge Wicks addressed the County Defendants' and Spota's arguments in support of complete dismissal of the claims against them, respectively, under six categories:

1. Whether Newcombe and Levy are entitled to absolute prosecutorial immunity;
2. Whether Sini and Spota are entitled to absolute prosecutorial immunity;
3. Whether the County Defendants and Spota are entitled to sovereign immunity;
4. Whether Spota is entitled to qualified immunity;
5. Whether Newcombe's statement to media is covered under qualified immunity; and
6. Whether White's demand for equitable relief should be dismissed.

(See R&R at 10-11.)

As to Category One:  The Magistrate Judge first excluded the 1st, 2nd, 8th, and 21st Causes of Action from the analysis finding they did not properly apply to Newcombe and Levy.  (See R&R at 12.)  However, "the remaining causes of action sound in conduct on the part of Defendants Newcombe and Levy for malicious prosecution, denial of a fair trial, fabricating evidence, presentation of false evidence to the grand jury and an appellate court, withholding Brady material, and conspiring to do the same." (Id. at 12-13.)  In that regard, as to the Third, Fourth, Fifth, and Twentieth Causes of Action, "Plaintiff's claims against Defendants Newcombe and Levy involving malicious prosecution,

6

withholding <u>Brady</u> material, and conspiring are covered under absolute prosecutorial immunity and thus, should be dismissed." (<u>Id.</u> at 13 (citations omitted).)  As to the Sixth and Seventh Causes of Action, "Plaintiff's claims against Defendants Newcombe and Levy pertaining to denial of a fair trial, fabricating evidence, presentation of false evidence to a grand jury and appellate court also warrant dismissal based on absolute prosecutorial immunity." (<u>Id.</u> at 16 (citations omitted).)  As to Plaintiffs' Ninth through Nineteenth Causes of Action, Magistrate Judge Wicks found "absolute prosecutorial immunity from § 1983 suits where prosecutors are found to have been exercising prosecutorial functions also applies to causes of action brought directly under the Sixth and Fourteenth Amendments (counts eleven through nineteen)." (<u>Id.</u> (citations omitted).)

However, as to the alleged false statements to the press misstating the contents of the subject surveillance video, which statements Newcombe allegedly knowingly made, and which allegations the Magistrate Judge assumed to be true for purposes of making his recommendation on the Dismissal Motions, he found Newcombe was entitled only to qualified immunity.  (<u>See</u> R&R at 17-18 (citing TAC ¶¶ 66, 147.)  Of significance, the Magistrate Judge noted:

> It appears that [County] Defendants are conflating Plaintiff's allegations regarding false statements to the media with a

      defamation claim, which would have needed to
be pled separately under a state law claim for
defamation (and was not pled) or a stigma-plus
claim pursuant to § 1983 (which also was not
pled), but on the face of the Complaint, it []
appears that these allegations at ¶¶ 66 and
147 pertain to the "custom of the destruction
of evidence favorable to the defense" and
"hid[ing] and delay of exculpatory evidence."

(Id. at 17 n.7.)

     In sum, as to Category One, Magistrate Judge Wicks "recommends that the claims against Defendants Newcombe and Levy (causes of action three through twenty[-one]) be dismissed based on absolute prosecutorial immunity grounds, with the exception of Newcombe's statement to the press, which is analyzed" pursuant to qualified immunity. (Id. at 18.)

     As to Category Two: Recognizing Plaintiff's contention that the TAC specifically alleges that Sini and Spota "participated personally in the alleged constitutional violations and/or failed to remedy the actions of their employees after being made aware of the within misconduct and mishandlings, and/or created a custom of deprivations of constitutional rights, or allowed such a custom to continue" (R&R at 19), the Magistrate Judge, nonetheless, found that "to the extent that Defendants Newcombe and Levy are granted absolute immunity, Defendants Spota and Sini are also entitled to absolute immunity as to those claims." (R&R at 20 (citing Kanciper v. Lato, No. 13-CV-0871, 2014 WL 12847274, at *3 (E.D.N.Y. Mar. 31, 2014), for the proposition "that [the] DA may invoke absolute

8

immunity to the same extent as the Court finds the ADA to be covered under absolute immunity").)   However, as to Count 21, Plaintiff's cause of action alleging failure to supervise, investigate, train and discipline, because "Plaintiff has adequately pled personal involvement of Defendants Spota and Sini by setting forth detailed allegations of policies/customs that Spota created and/or let continue, and that Defendant Sini let continue upon succeeding Spota" (R&R at 22), Magistrate Judge Wicks recommended absolute prosecutorial immunity not be extended to Spota and Sini.   (See id. at 23.)

As to Category Three:   Magistrate Judge Wicks recommended that all claims brought against the County Defendants and Spota in their respective official capacity be dismissed because those claims are barred under Eleventh Amendment sovereign immunity.   (See R&R at 23-24.)

As to Category Four:   Regarding Spota's alternative argument that he is entitled to qualified immunity for those cuases of action as to which absolute prosecutorial immunity is not granted, the Magistrate Judge found Plaintiff's allegations undermined Spota's probable cause defense:   "Spota has not established entitlement to qualified immunity as to the malicious prosecution claim." (R&R at 26-27.) Accordingly, Magistrate Judge Wicks recommended Spota's Dismissal Motion seeking to dismiss

claims against him based on qualified immunity be denied with leave to renew.[2]  (See id. at 27.)

As to Category Five:  Observing that the County Defendants "did not specifically address Plaintiff's claims regarding Newcombe's alleged false statements to the media, but Plaintiff argued in opposition that Newcombe is not entitled to prosecutorial immunity for such statements," and the County Defendants replied "that there is no claim to address because none of Plaintiff's claims sound in defamation," the Magistrate Judge, nonetheless, found "at this juncture to hold that qualified immunity applies to Newcombe's statements to the media would be improper, as the defense does not appear on the face of the complaint."  (Id. at 27-28.)  Hence, Magistrate Judge Wicks recommends that Newcombe's Dismissal Motion pertaining to her alleged false statements to the media be denied with leave to renew.  (See id. at 28.)

As to Category Six:  To the extent Plaintiff seeks equitable relief and specific performance requiring:

> (1) the termination of all named defendants from their employment with Suffolk County, the Suffolk County Police and the Suffolk County

_____

[2]  Magistrate Judge Wicks also highlighted:  "[N]either Spota nor Plaintiff address whether qualified immunity applies to any claims other than the malicious prosecution claims.  [Thus], at this pleading stage the Court cannot properly decide, based on the face of the complaint and before the completion of discovery, whether qualified immunity is applicable to Spota otherwise."  (R&R at 27.)

District Attorney's Office in the interest of
Public Protection; (2) notification of all
defendants charged and/or tried by the named
defendants, notifying them specifically of the
internal affairs history and customs of
malfeasance discussed in Plaintiff's
Complaint, and notifying them that such
history/customs may give rise to claims for
post-conviction relief; and (3) an independent
agency of licensed, impartial, and experienced
attorneys to review and investigate all files
prosecuted during the Spota era to date,
specifically including all files in which the
named detective and prosecutors
participated[,]

(id. at 28 (citing TAC ¶¶ 324-26)), Magistrate Judge Wicks found

(a) "the equitable relief sought is inapplicable to Spota who is

no longer employed with Suffolk County," and (b) as to the County

Defendants, the equitable relief sought "is not properly directed

toward them either." (Id. at 29.)  He explained that "this action

was not brought as a collective or class action" and that

"recognizing or declaring past wrongs as opposed to seeking

prospective relief does not make out a case or controversy for

declaratory relief because there is not an immediate threat of

injury." (Id. at 30.)  Therefore, the Magistrate Judge recommends

that the Dismissal Motions be granted as to Plaintiff's claims for

equitable relief.  (See id.)

### THE COUNTY DEFEDANTS' OBJECTIONS

The County Defendants raise two specific objections to

Magistrate Judge Wicks' R&R regarding (1) "the recommendation that

a claim for supervisory liability against District Attorney Sini

11

in his individual capacity be permitted to proceed, and (2) the recommendation that the claim against ADA Newcombe regarding alleged statements to the press be permitted to go forward." (County Obj. at 1.)  They do not object to the balance of the R&R, "which recommends dismissal of all the remaining claims against defendants Newcombe, Levy and Sini," which the County Defendants assert is correct and should be adopted by this Court.  (Id.)

As to the Sini-Related Objection:  The County Defendants assert that, notwithstanding properly stating the applicable law, i.e., that prosecutorial immunity extends to certain administrative tasks, including supervision and training, see Van de Kamp v. Goldstein, 555 U.S. 335 (2009), the Magistrate Judge continued in finding that "Plaintiff has adequately pled personal involvement of Defendants Spota and Sini by setting forth detailed allegations of policies/customs that Spota created and/or let continue, and that Defendant Sini let continue upon succeeding Spota."  (R&R at 22; see also County Obj. at 2.)  But, by "fail[ing] to additionally determine if DA Sini was still entitled to absolute immunity, even if personal involvement in the alleged underlying constitutional violation was established," the Magistrate Judge erred.  (County Obj. at 2.)  The County Defendants rely upon Van de Kamp and Warney v. Monroe County, 587 F.3d 113 (2d Cir. 2009), in advancing their contention that "absolute immunity bar[s] the supervisory claims," because those cases found "the failure to

supervise and train claims relied upon underlying misconduct by the deputy prosecutors at trial, who were themselves entitled to absolute immunity." (Id. at 3.) Relatedly, they would have this Court disavow the Magistrate Judge's reliance upon Kanciper v. Lato, No. 13-CV-0871, 2014 WL 12847274 (E.D.N.Y. Mar. 31, 2014), since, notwithstanding that the Kanciper Court denied the district attorney absolute immunity for conduct to which the assistant district attorney was not entitled to absolute immunity, that court also properly extended to the district attorney prosecutorial immunity for other conduct to which the assistant district attorney was entitled to absolute immunity. (See id. at 3-4.)

As to the Newcombe-Related Objection: The County Defendants argue the Magistrate Judge erred in finding grounds for a claim against Newcombe based upon alleged statements Newcombe made to the press, especially since Magistrate Judge Wicks agreed with the County Defendants that Plaintiff's TAC was void of any claim for defamation or stigma plus. (See County Obj. at 4 (citing R&R at 17 n.7).) They maintain the Magistrate Judge's reading of the TAC was "far too broad" and, in any event, "the theory of liability advanced by the [Magistrate Judge] does not establish an individual constitutional violation by ADA Newcombe." (Id.; see also id. at 5 ("In the instant complaint, there are insufficient facts to permit even a reasonable inference that ADA Newcombe's supposed false statements to the press, in and of themselves,

13

establish misconduct that rise to the level of a constitutional violation.").)  In sum, the County Defendants would have this Court find error with the Magistrate Judge's "[e]xpanding the reading of the [TAC] to construe a claim not brought by the plaintiff, who is not proceeding pro se, and is represented by counsel . . . ."  (Id. ("[U]nder a de novo review of our motion to dismiss, the purported claim relating to ADA[] Newcombe's alleged false statements to the press should be dismissed for failing to state a claim upon which relief can be granted.").)

SPOTA'S OBJECTIONS

Defendant Spota joins in the County Defendants' objections as they relate to prosecutorial immunity, adopting the arguments advanced by the County Defendants.  (Spota Obj. at 1.) Spota summarily argues his "lone role in this matter was to be in charge of the office which employed co-defendant ADA Newcombe", he is "not alleged to have personally participated in the criminal prosecution", and the TAC does not state a claim of Spota's personal participation.  (Id. at 2.)  Yet, in his R&R, the Magistrate Judge erroneously found the TAC adequately pled Spota's personal involvement.  (See id.)  Spota implies such a recommended finding is untenable since, "[t]he purpose of establishing personal involvement was to ensure that a plaintiff must plead that each Government-official, through the official's own individual actions, has violated the Constitution."  (Id.)  Yet,

14

"[t]he alleged custom or policy relating to defendant Spota in and of itself is not the constitutional violation." (Id.) Rather, it is the alleged underlying conduct of ADAs Newcombe and Levy which constitutes the constitutional harm, and which is the same conduct for which the Magistrate Judge determined the ADA defendants were entitled to absolute prosecutorial immunity. Thus, Spota contends "[n]one of this alleged conduct can be said to fall within the limited administrative acts by which the District Attorney could be considered a municipal actor and as such, defendant Spota cannot be liable." (Id. at 2-3 (relying upon Van de Kamp in support of Objection).)

<u>PLAINTIFF'S OBJECTIONS</u>

Plaintiff contends the Report "misinterprets the [TAC] in critical ways" and "also materially misstates the facts pleaded". (Pl. Obj. at 1.) While Plaintiff's objections are not the exemplar of clarity, the Court gleans that the crux of his claims of error is that: prior to any charges being brought against Plaintiff, a fabrication-of-evidence scheme -- the so-called "end-around-scheme" -- already existed; all defendants knew of and participated in using the end-around-scheme; the use of the end-around-scheme by all defendants while Plaintiff was detained (which Plaintiff terms the "initial pre-charge investigation") was the impetus for the charges brought against Plaintiff and also triggered the fabrication of other evidence used against

15

Plaintiff. (See, e.g., id. at 12, 14, 20-21, 23, 27, 33, 35, 37, 38, 40, 41.)   Plaintiff identifies four purported errors in Magistrate Judge Wicks' Report:

> 1.   The [R]eport failed to apply the proper legal standard to [the Magistrate Judge's] reading of the [TAC] and failed to acknowledge facts that plaintiff clearly and repeatedly pleaded in the complaint.
>
> 2.   The [R]eport omitted several counts of the [TAC] from [the Magistrate Judge's] analysis, as if the claims simply 'did not apply' to the moving defendants.
>
> 3.   The [R]eport erred in its application of the immunity law to the facts of the instant pleading and failed to perform the required "functionality" tests.
>
> 4. The relief requested in the [TAC] is not subject to dismissal in this 12(b)(6) motion and defendants are essentially asking this court to render summary judgment on an issue not properly before it.   There is no basis to dismiss the relief requested in toto at this time.

(Id. at 4-5.)   More specifically, Plaintiff argues the following.

As to Plaintiff's First Objection:   Plaintiff contends the TAC clearly "contains facts that establish a claim for personal involvement of each prosecutor in a way exempt from immunity," yet Magistrate Judge Wicks "concluded otherwise in large part due to his incorrect reading of the pleading, construction of facts, and negative inferences drawn."   (Id. at 6 (referring this Court to the TAC in its entirety).)   He argues that the Magistrate Judge's "cherry-picking" through the TAC is not permitted when deciding a

16

motion to dismiss and is what "tainted the large part of his analysis." (Id. at 7-8.) More specifically, Plaintiff argues Magistrate Judge Wicks "wrongly stated that plaintiff 'conceded' that his arrest occurred within minutes of plaintiff's arrival at the police station, and therefore, he opined, nearly everything thereafter is subject to prosecutorial immunity, because the judicial phase of the case had begun." (Id. at 8.) Plaintiff contends the Magistrate Judge's recitation of the timing of events is contrary to his factual allegations, which are crucial to the determination of the prosecutor-defendants' entitlement to immunities, and that that flaw evinces the Magistrate Judge construed the facts against Plaintiff and not, as required, in his favor. (See id.; see also id. at 9-12 (quoting TAC ¶¶ 2, 94, 107, 117, 118, 122, 127, 129, 133, 134, 136, 138); see also id. at 12 (arguing Magistrate Judge Wicks unlawfully premised his findings upon the "arrest" of Plaintiff even though deprivation of constitutional rights occurred when the end-around-scheme was being used during the initial pre-charge investigation); see also id. at 15.) The core of Plaintiff's objection is that since "Plaintiff was not charged, nor could any 'judicial phases' begin, until after this malfeasance in the initial investigation had occurred[,] . . . [t]he moving defendants cannot invoke prosecutorial immunity for their misdeeds that began prior to the charge." (Id. at 14.)

As to Plaintiff's Second Objection:[3] Plaintiff maintains that Magistrate Judge Wicks erred by "inexplicably assign[ing] only some defendants to some claims," notwithstanding that Plaintiff plainly stated that his "claims are made as to each and every defendant unless otherwise noted." (Pl. Obj. at 15 (citing TAC ¶ 197 and noting that only the 21st Count notes otherwise).) Indeed, according to Plaintiff, the facts he alleged "intentionally set forth facts sufficient to incorporate all of the movant defendants in the pre-charge fabrication of evidence, and constitutional deprivations, facilitating lies for the purpose of maliciously charging the plaintiff," which is critical because the conduct "began pre-arrest and before any arguable judicial phases even began." (Id. at 20 (emphasis in original); see also id. at 23 (arguing same).) And, as to Spota and Sini in particular, "their personal involvement was pleaded as to each and every deprivation; it is not limited to their supervisory duties." (Id. at 22; cf. id. at 34.) Thus, Magistrate Judge Wicks' determination (1) that not all causes of action apply to the prosecutor-defendants, and (2) that the prosecutor-defendants are entitled to

---

[3] In presenting his Second Objection, Plaintiff addresses all 21 of his causes of action. (See Pl. Obj., Part II, 23-42.) However, Plaintiff's arguments in support of this objection are all, essentially, based upon the same theory (see, e.g., id. at Part II(A)); therefore, the Court summarizes them herein, notwithstanding that it has thoroughly considered Plaintiff's entire Second Objection.

immunity, is error.  (See, e.g., id. at 34.)  Additionally, Plaintiff challenges as erroneous Judge Wicks' reliance upon Shmueli v. City of N.Y., 424 F.3d 231 (2d Cir. 2005), and Giraldo v. Kessler, 694 F.3d 161 (2d Cir. 2012), in making his immunity coverage recommendations.  (See, e.g., id. at 34, 40.)

As to Plaintiff's Third Objection:  Within the context of his Second Objection, Plaintiff refers to functionality twice. First, in disagreeing with Magistrate Judge Wicks' determination that Newcombe and Levy are shielded under absolute prosecutorial immunity from Plaintiff's claims of malicious prosecution, withholding Brady material, and conspiracy (see R&R at 13-14),[4] Plaintiff repeats his argument that the "four moving prosecutors are specifically pleaded to have been personally involved in the fabrication of false evidence that allowed for, and upon which the initiation of the charge, was based."  (Pl. Obj. at 34.)  Thus, according to Plaintiff, "[t]his is an entirely different factual role and functionality, not entitled to immunity."  (Id.)  Second, and similarly, Plaintiff makes the same "failure-to-perform any functionality analysis" argument regarding his Fourteenth

---

[4]  Of note:  Plaintiff does not accurately quote the parenthetical provided by Magistrate Judge Wicks in citing to Tretola v. D'Amico, No. 13-CV-5705, 2014 WL 2957523, at *4 (E.D.N.Y. July 1, 2014), in support of his determination that absolute prosecutorial immunity is in play as to Plaintiff's claims of malicious prosecution, withholding Brady materials, and conspiracy against Newcombe and Levy, and not Shumueli, as asserted by Plaintiff.  (Cf. R&R at 13, with Pl. Obj. at 34.)

Amendment violation causes of action.   (See id. at 38.)   In Plaintiff's view, by failing to perform the functionality analysis, Magistrate Judge Wicks erroneously ignored his well—pled allegations that the prosecutor-defendants where allegedly personally involved in the unlawful pre-charge investigation, inferring that this supposed failure led to the wrong recommendation, i.e., that prosecutorial immunity is warranted. (See id.)

        As to Plaintiff's Fourth Objection:   Plaintiff baldly contends that in ruling upon the Dismissal Motions, "it is outside this court's authority . . . to summarily consider whether certain relief may be dismissed from plaintiff's damages claims" and to do so would be to effectively treat the Dismissal Motion as one for summary judgment.  (Obj. at 44-45.)  In support of this contention, Plaintiff again advances his argument of "the culture of corruption and unconstitutional norms [that] remain engrained in Suffolk County law enforcement."   (Id. at 45 (asserting the R&R "misconstrued plaintiff's arguments which have already been incorporated herein and upon which we continue to rely").)


                [Remainder of page intentionally left blank.]

DISCUSSION

I.   Legal Standard[5]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper, i.e., specific, objections de novo; however, where a party makes only conclusory or general objections, or simply reiterates the original arguments, the court reviews the report and recommendation strictly for clear error. See Locus Techs. V. Honeywell Int'l Inc., No. 19-CV-11532, -- F. Supp. 3d --, 2022 WL 4592891, at *5 (S.D.N.Y. Sept. 30, 2022); Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (same); see also FED. R. CIV. P. 72(b)(3); Thomas v. City of N.Y., Nos. 14-CV-7513, 16-CV-4224, 2019 WL 3491486, at *4 (E.D.N.Y. July 31, 2019) ("Objections seeking to relitigate arguments rejected by the magistrate judge do not constitute proper objections, and, as a result, are subject to clear error review."). Further, "[i]n this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate

---

[5]   Hearing no objection to Magistrate Judge Wicks' discussion of the Rule 12(b) dismissal standard and finding it to be correct, said standard is adopted and incorporated herein by reference. (See R&R at 9-10.)

but were not."   Trustees of Metal Polishers Local 8A–28A Funds v.
Nu Look Inc., No. 18-CV-3816, 2020 WL 5793204, at *3 (E.D.N.Y.
Sept. 29, 2020) (quoting Illis v. Artus, No. 06-CV-3077, 2009 WL
2730870, at *1 (E.D.N.Y. Aug. 28, 2009) (cleaned up; collecting
cases)).

II.  Analysis

   A. The County Defendants' Objections

      1. The Sini-Related Objection

         The County Defendants' Sini-related objection is
OVERRULED.  In support of his 21st Cause of Action, Plaintiff has
plausibly alleged a claim that (a) Spota, and then Sini, failed to
supervise and (b) were personally involved in that failure based
upon the District Attorney's pre-existing policy or custom of
permitting unconstitutional pre-charge investigations to be
undertaken, using a fabrication-of-evidence scheme.  Thus, as
Magistrate Judge Wicks stated, notwithstanding that Van de Kamp
"specifically extended prosecutorial immunity to certain
administrative tasks, including supervision and training," because
in this instance Plaintiff has adequately alleged Spota's and
Sini's personal involvement with his "detailed allegations of
policies/customs that Spota created and/or let continue, and that
Defendant Sini let continue upon succeeding Spota" (R&R at 22),
which preceded, and did not rely upon, alleged underlying
misconduct by Newcombe and Levy, those allegations plausibly state

an underlying constitutional violation supporting Plaintiff's
21st, failure-to-supervise and failure-to-train cause of action
against Spota and Sini to which Spota and Sini are not immune by
extension of Newcombe's and Levy's absolute prosecutorial
immunity.  Upon de novo review, the Court finds no error with
Magistrate Judge Wicks' recommendation that Sini is not entitled
to absolute prosecutorial immunity as to Plaintiff's 21st Count.

     2. The Newcombe-Related Objection

       The County Defendants' Newcombe-related objection is
SUSTAINED.  The Court agrees with the County Defendants that the
Magistrate Judge read the counsel-drafted TAC too broadly.[6]

---

[6] Nonetheless, the Court also agrees with the Magistrate Judge's
observation that:

> It appears that Defendants are conflating
> Plaintiff's allegations regarding false
> statements to the media with a defamation
> claim, which would have needed to be pled
> separately under a state law claim for
> defamation (and was not pled) or a stigma-plus
> claim pursuant to § 1983 (which also was not
> pled), but on the face of the Complaint, it is
> appears that these allegations at ¶¶ 66 and
> 147 pertain to the "custom of the destruction
> of evidence favorable to the defense" and
> "hid[ing] and delay of exculpatory evidence."

(R&R at 17 n.7 (citing TAC ¶ 66).)  Indeed, Plaintiff has not
brought such causes of action against Newcombe.  (See TAC, in
toto.)  Nor does he raise any objection to the Magistrate Judge's
noted, but relevant, observations regarding Newcombe's alleged
statements.  (See Pl. Obj., in toto.)

The Magistrate Judge recommends that Newcombe be denied absolute immunity regarding statements Newcombe alleged made to Newsday.  (See R&R at 17-18.)  And, as to qualified immunity, because such defense does not appear on the face of the TAC, "i.e., there is a lack of information for the Court to analyze whether Newcombe's actions were objectively reasonable" (id. at 28), the Magistrate Judge recommends that "Newcombe's motion to dismiss pertaining to her alleged false statements to the media be denied, with leave to renew."  (Id.)

The Court is hard-pressed to discern any claim against Newcombe sounding in a denial of a fair trial due to the press-statement-related factual allegations; and, the Court is unpersuaded that the press-statement-related allegations (see TAC ¶¶ 66, 147), lend support to any other of Plaintiff's causes of action.  Reading his counseled-TAC in the light most favorable to him and in its entirety, see, e.g., Sutton v. Stony Brook Univ., No. 21-2055, 2022 WL 4479509, at *1 (2d Cir. Sept. 27, 2022) (stating that on a Rule 12(b)(6) motion to dismiss, the complaint must be considered in its entirety to determine "whether a permissible inference may be drawn from 'all the facts alleged, taken collectively,' and not whether there is a permissible inference from 'any individual allegation, scrutinized in isolation.'") (quoting Kaplan v. Lebanese Canadian Bank, SAL, 999 F.3d 842, 854 (2d Cir. 2021)), arguably Plaintiff's Sixth Cause of

Action -- asserting a claim of denial of a fair trial based upon
alleged fabrication of evidence -- is the only cause of action
that could possibly encompass Newcombe's alleged statements to
Newsday.[7]  Yet, the press-statement-related factual allegations
(see id.) are too bare-boned and conclusory "to permit the [C]ourt
to infer more than the mere possibility of misconduct."  Iqbal,
556 U.S. at 679.  Moreover, to the extent Plaintiff would amend or
supplement those allegations by way of his Opposition, that attempt
to correct the deficiencies of a purported claim against Newcombe
based upon her alleged statements to Newsday is unavailing.  (See,
e.g., R&R at 17 n.8 (noting "Plaintiff's [O]pposition
mischaracterizes the details that are pled in the [TAC], and adds
alleged facts that are not pled," but which were not considered).)
See also, e.g., Passiglia v. Northwell Health, Inc., 252 F. Supp.
3d 129, 136-37 (E.D.N.Y. 2017) (["M]emoranda . . . in opposition
to a motion to dismiss cannot be used to cure a defective
complaint." (quoting Goodman v. Port Auth. of N.Y. & N.J., 850 F.
Supp. 2d 363, 380 (S.D.N.Y. 2012))).  Rather, to the extent
Plaintiff would maintain a cause of action against Newcombe based
upon the press-statement-related factual allegations, all such

---

[7]  A fair reading of Plaintiff's Seventh Cause of Action claiming
the denial of a fair trial based upon the withholding of evidence
(and, in particular, the alleged fabricated evidence of defendant
Detective Tavars) does not implicate the press-statement-related
factual allegations.  (See TAC ¶¶ 237-45.)

claims are dismissed for failure to state a claim because there is not enough "nonconclusory factual matter" pled to "cross the line from conceivable to plausible." <u>E.E.O.C. v. Port Auth. of N.Y. & N.J.</u>, 768 F.3d 247, 254 (2d Cir. 2014). Accordingly, the Court SUSTAINS the County Defendants' objection to the Magistrate Judge's recommendations regarding Newcombe's entitlement to immunity as to such claims.[8]

   B. <u>The Spota Objections</u>

      1. <u>The Absolute Immunity Based Objection</u>

For the same reasons articulated, <u>supra</u>, regarding the County Defendants' Sini-related objection, Spota's Absolute Immunity Objection regarding Plaintiff's Count 21 is OVERRULED.

      2. <u>The Qualified Immunity Based Objection</u>

Spota acknowledges that Magistrate Judge Wicks found "[P]laintiff had adequately pled personal involvement of . . . Spota . . . by setting forth detailed allegations of

---

[8]  The Court notes that it finds the Report's reliance upon <u>Javanovic v. City of New York</u>, No. 04-CV-8437, 2006 WL 2411541 (S.D.N.Y. Aug. 17, 2006), unpersuasive. (<u>See</u> R&R at 18.) <u>First</u>, the facts regarding the prosecutor and her statements and leaks in <u>Javanovic</u> are readily distinguishable from Newcombe's alleged press statements in the instant action. <u>Second</u>, <u>Javanovic</u> was decided before the Supreme Court's pronouncement of the plausibility-pleading standard. <u>See Bell Atl. v. Twombly</u>, 550 U.S. 554 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). Hence, the <u>Jovanovic</u> Court's reliance on the Second Circuit's <u>Powers</u> case, 728 F.2d 97 (2d Cir. 1984), in finding a claim of a denial of a fair trial due to prejudicial publicity based upon the prosecutor's extra judicial statements to the press was sufficiently alleged is unavailing in this instance.

policies/customs that Spota created and/or let continue," which is enough to survive Spota's Dismissal Motion regarding Plaintiff's supervisory claim.  (Spota Obj. at 2 (quoting R&R at 22); see also, e.g., R&R at 22.)  Spota simply disagrees with that determination, advancing an "opening the floodgates" type argument in opposition. (See id. (arguing "[t]he finding in the R&R that the [TAC] adequately pled personal involvement of . . . Spota . . . sets an impractical and unworkable precedent")).)  The Court finds this objection unpersuasive.

In advancing his objection, Spota would also have the Court disregard the procedural posture of the case; it declines to do so.  It is clear Magistrate Judge Wicks' recommendation is properly predicated upon the fact that this action remains in the pleading stage.  (See R&R at 25-26.)  Indeed, the Magistrate Judge specifically stated: "[W]hen defendants assert an immunity defense on a Rule 12(b)(6) motion rather than on summary judgment, they 'must accept the more stringent standard applicable to this procedural route . . . [including that] the facts supporting the defense must appear on the face of the complaint . . . .'"  (Id. at 26 (quoting Vallen v. Pierre, No. 13-CV-6541, 2015 WL 1299243, at *9 (E.D.N.Y. Mar. 23, 2015)).)  In light of Plaintiff's allegations regarding pre-charging investigation conduct, in conjunction with his illustrative allegations of other similar criminal cases wherein the convictions were overturned,

27

Plaintiff's Count 21 supervisory claims against Spota are enough to withstand Spota's Dismissal Motion.  Thus, while it is true that Van de Kamp v. Goldstein, 555 U.S. 335 (2009), establishes prosecutors are absolutely immune from prosecution for matters that attach to prosecutorial action, including certain administrative procedures that are directly connected with the conduct of a trial, Plaintiff's allegations warrant being exposed to discovery to determine whether Spota's alleged policies and/or customs necessarily required legal knowledge and the exercise of related discretion to determine whether he is, indeed, entitled to qualified immunity.  Hence, Spota's objection to Magistrate Judge Wicks' qualified immunity recommendation is OVERRULED.

   C. Plaintiff's Objections

      As an initial matter, finding Plaintiff's objections to be conclusory and general in nature, reiterating his original arguments (see, e.g., Obj. at 1 ("[P]laintiff herein incorporates all his prior submissions, including but not limited to his prior brief opposing these motions, in opposition to the report." (citing Opp'n, ECF No. 103)), the Court reviews the Report strictly for clear error.  See Urgent One Med. Care, PC v. Co-Options, Inc., No. 21-CV-4180, 2022 WL 4596754, at *5 (E.D.N.Y. Sept. 30, 2022) ("General objections, or 'objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers

28

will not suffice to invoke <u>de novo</u> review.'" (quoting <u>Owusu v.</u>
<u>N.Y.S. Ins.</u>, 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (cleaned
up)); <u>see also</u> <u>Phillips v. Reed Grp.</u>, 955 F. Supp. 2d 201, 211
(S.D.N.Y. 2013) ("In the event a party's objections are conclusory
or general, or simply reiterate original arguments, the district
court . . . reviews the Report and Recommendation for clear
error."). Upon clear-error review of the R&R, the Court finds
none; therefore, Plaintiff's objections are OVERRULED.

1. <u>The Failure to Acknowledge Facts and Apply Proper Standard</u>
<u>Objection</u>

The Court finds that the Magistrate Judge properly
assessed the TAC and considered it in its entirety. Even under <u>de</u>
<u>novo</u> review of the TAC, there is no error to be found in Magistrate
Judge Wicks' summary of the facts or causes of action.
Furthermore, having carefully reviewed the TAC, the Dismissal
Motions, Plaintiff's Opposition, the R&R, and the Objections
lodged thereto, it is readily apparent that the Magistrate Judge
applied the proper standard in assessing the TAC when ruling upon
the Dismissal Motions. Finding no clear error on this basis, this
objection is OVERRULED.

2. <u>The Purported Omission of Counts Objection</u>

To the extent the Magistrate Judge found Counts 1 and 2,
claims of false arrest, do not apply to Newcombe and Levy, this
Court agrees. It is not enough for Plaintiff to simply have stated

that his claims are made as to each and every defendant.  Rather, non-conclusory factual allegations must plausibly assert causes of action.  Magistrate Judge Wicks did not err in finding that, upon the facts alleged in the TAC, it is implausible that Plaintiff's false arrest causes of action do not state claims against Newcombe or Levy.[9]   Finding no clear error in this recommendation, Plaintiff's objection to same is OVERRULED.

    3. <u>The Lack of Functionality Analysis Objection</u>

       Plaintiff's lack-of-functionality-analysis argument is without merit.  As stated above, it is clear to the Court that the Magistrate Judge carefully considered the factual allegations stated in the TAC when assessing the Dismissal Motions and making his recommendations, which implicitly included his assessment of functionality of the prosecutors' conduct.  Plaintiff merely disagrees with the outcome of that analysis, <u>i.e.</u>, that prosecutorial immunity is warranted considering the functions performed.  Relatedly, Magistrate Judge Wicks' application of the relevant immunity law was proper.  The Court finds no basis to sustain this objection, especially in the absence of any clear

---

[9]  The Magistrate Judge did not explicitly address whether Counts 1 and 2 are viable causes of action against Spota or Sini.  However, given Plaintiff's custom and/or policy allegations, supported by the illustrative allegations of other similar criminal cases wherein the convictions were overturned, those causes of action currently remain as against Spota and Sini.

error.  Hence, Plaintiff's objection on the theory of failure to conduct a functionality analysis is are OVERRULED.

    4. Objection to Dismissal of the Equitable Relief Request

        Plaintiff's objection to the Magistrate Judge's recommendation regarding Plaintiff's requested equitable relief is no more than a regurgitation of the same argument raised in opposition to the Dismissal Motions.  Indeed, it is apparent that, contrary to Plaintiff's contention that the Magistrate Judge erroneously rendered a decision akin to summary judgment in the moving prosecutor-defendants' favor on their equitable-relief-based dismissal arguments, Magistrate Judge Wicks correctly assessed said arguments under the appropriate dismissal paradigm. Because the Court finds no clear error in this recommendation, it is adopted over Plaintiff's objection, which is OVERRULED.

CONCLUSION

        Accordingly, **IT IS HEREBY ORDERED** that:

I.   As to Magistrate Judge Wicks' R&R, it is ADOPTED in part and REJECTED in part, as delineated, below:

  A. Regarding Recommendation No. 1:  The Court (1) ADOPTS the recommendation that Newcombe and Levy be granted prosecutorial immunity as to Counts 3 through 21; and (2) REJECTS the recommendation that Newcombe be denied prosecutorial immunity regarding her alleged false statement to the press;

31

B. <u>Regarding Recommendation No. 2</u>:   The Court ADOPTS the recommendation that Spota and Sini be granted prosecutorial immunity as to Counts 3 through 21, except for supervisory claims pursuant to Section 1983;

C. <u>Regarding Recommendation No. 3</u>:   The Court ADOPTS the recommendation that all claims against Newcombe, Levy, Spota, and Sini in their official capacities be dismissed on sovereign immunity grounds;

D. <u>Regarding Recommendation No. 4</u>:   The Court ADOPTS the recommendation that Spota be denied qualified immunity as to the Count 21 supervisory claims without prejudice to renew after discovery is completed;

E. <u>Regarding Recommendation No. 5</u>:   The Court REJECTS the recommendation that Newcombe be denied qualified immunity regarding her alleged false statements to the press, finding no viable claim supported by the alleged press statements;

F. <u>Regarding Recommendation No. 6</u>:   The Court ADOPTS the recommendation that Plaintiff's equitable relief claims be dismissed; and

G. <u>Regarding Recommendation Addressing Leave to Amend</u>:   The Court ADOPTS the recommendation that Plaintiff be denied leave to amend, his already having had three opportunities to do so; and

II.   In conjunction with the partial adoption of the R&R, the
      Dismissal Motions are GRANTED in part and DENIED in part,
      such that:

A.   The County Defendants' Dismissal Motion (ECF No. 96) is
     GRANTED in part and DENIED in part, with:

   1.   Counts 1 and 2 being dismissed against Newcombe and
        Levy in their individual capacities because the TAC
        fails to plausibly allege false arrest claims
        against them;

   2.   Counts 3 through 21 being dismissed against
        Newcombe and Levy in their individual capacities
        because they are shielded by prosecutorial
        immunity;

   3.   Counts 3 through 21, except as to Plaintiff's
        supervisory claims raised in Count 21, being
        dismissed against Sini in his individual capacity
        as Newcombe's and Levy's prosecutorial immunity
        extends to Sini as to these counts;

   4.   Counts 1 through 21 being dismissed against
        Newcombe, Levy, and Sini in their official
        capacities by virtue of sovereign immunity; and

   5.   Plaintiff's equitable relief claims being dismissed
        against Newcombe, Levy, and Sini; and

B.   Spota's Dismissal Motion (ECF No. 97) is GRANTED in part and DENIED in part, with:

1.   Counts 3 through 21, except as to Plaintiff's supervisory claims raised in Count 21, being dismissed against Spota in his individual capacity as Newcombe's prosecutorial immunity[10] extends to Spota as to these counts;

2.   Counts 1 through 21 being dismissed against Spota in his official capacity by virtue of sovereign immunity; and

3.   Plaintiff's equitable relief claims being dismissed against Spota.

**IT IS FURTHER ORDERED** this case is returned to Magistrate Judge Wicks to preside over the discovery phase of this action.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 31, 2023
       Central Islip, New York

---

[10]   Spota was no longer the Suffolk County District Attorney when Levy was assigned to Plaintiff's underlying state criminal case; therefore, any prosecutorial immunity afforded Levy does not extend to Spota.