**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
SAMUEL WHITE,

                      *Plaintiff*,

        -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, RONALD TAVARES,
MICHAEL MILAU, SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE, DARRYL LEVY, LAURA
NEWCOMBE, THOMAS SPOTA, JOHN DOES
1-10, TIMOTHY SINI, OFFICE OF THE MEDICAL
EXAMINER CRIME LABORATORY (SUFFOLK
COUNTY), HELEN WONG, ODETTE R. HALL,
M.D., JOHN PETERSON and JAMES MCGUINESS,

                      *Defendants.*
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
20-CV-1501 (RER)(JMW)

**A P P E A R A N C E S:**

    Stephanie McClure, Esq.
    **Law Office of Stephanie McClure**
    101 Avenue of the Americas, 9th Floor
    New York, NY 10013
    *Attorney for Plaintiff*

    Stacy A. Skorupa, Esq.
    **Suffolk County Department of Law**
    H. Lee Dennison Building
    100 Veterans Memorial Highway
    Hauppauge, NY 11788
    *Attorneys for All Defendants (except Thomas Spota)*

    Anthony M. LaPinta, Esq.
    Kyle O.Wood, Esq.
    **Law Offices of Anthony M. La Pinta**
    200 Vanderbilt Motor Parkway
    Suite C-17
    Hauppauge, NY 11788
    631-231-1199
    *Attorneys for Defendant Thomas Spota*

**WICKS**, Magistrate Judge:

Plaintiff Samuel White ("Plaintiff") commenced this Section 1983 civil rights action against Suffolk County, former District Attorney Thomas Spota, and various other defendants (collectively, the "County Defendants") on March 21, 2020, seeking monetary damages and non-monetary relief for alleged violations of due process and equal protection, false arrest, malicious prosecution, denial of a fair trial, failure to intervene, denial of right to counsel, fabrication of evidence, presentation of false evidence to the grand jury and an appellate court, conspiracy, and failure to train or supervise. (*See* ECF No. 87.) In her March 31, 2023 Order granting in part and denying in part Defendants' respective dismissal motions (ECF No. 96, 97), District Judge Joanna Seybert returned this case to the undersigned to preside over the discovery phase of this action. (*See* ECF No. 130.) In January 2024, this case was re-assigned to District Judge Ramon E. Reyes, with the undersigned still presiding over discovery and pretrial matters. (*See* Electronic Entry dated January 23, 2024.)

On June 7, 2024, the undersigned issued a Memorandum Order (ECF No. 194) granting Plaintiff's "Ninth" Motion to Compel (ECF No. 182) certain Internal Affairs Files and *Monell* discovery, and, with respect to *Monell* discovery, directed Counsel for the County Defendants to serve on Plaintiff's Counsel and file on ECF an updated thumb drive containing outstanding *Monell* discovery, along with a comprehensive index of its contents (hereafter, the "Index"). Counsel for the County Defendants filed the Index under seal on June 12, 2024. (ECF No. 196.) On June 24, 2024, the undersigned noted that "[e]ven if the Index submitted at ECF No. 196 [was] covered by the Confidentiality Order at ECF No. 141,[1] a motion to seal the Index must be

---

[1] The Confidentiality Order at ECF No. 141 (hereafter, the "Confidentiality Order") was reinstated by Judge Reyes on March 13, 2024. (*See* Electronic Order dated March 13, 2024.) The Confidentiality Order defines certain documents as "confidential" in this matter including, *inter alia*, Internal Affairs Reports. *See* ECF No. 141 at ¶ 2(b) (emphasis added) ("Confidential document is defined to mean Suffolk County

2

made[,]" and further directed Defendants to file a Motion to Seal to the extent they sought to have the Index remain sealed. (*See* Electronic Order dated June 24, 2024.) Now before the Court is Defendants' Motion to Seal the Index at ECF No. 196 (ECF No. 203), which is opposed by Plaintiff (ECF No. 206). For the reasons stated herein, Defendants' Motion (ECF No. 203) is **DENIED**.

## DISCUSSION

As stated, on June 27, 2024, Defendants moved to seal the Index at ECF No. 196, arguing the Index "contains information and statistics of Internal Affairs [("IA")] investigations that fall into the eleven (11) categories the Court previously ordered Defendants to disclose to Plaintiff." (ECF No. 203 at 1.) Specifically, Defendants assert the Index "provides statistical data by year for in excess of one-thousand (1,000) IA investigations[,]" and the "statistical data" contained in the Index "falls under the parameters set forth in the Confidentiality Order" under paragraph 2(b) "in that it relates to Internal Affairs Reports," and, therefore, the Index in its entirety should be sealed. (*Id.*) In response, Plaintiff contends the Index "is a chart that contains file numbers only and "[n]o personal information or personal identifiers appear on the document" (ECF No. 206.) Plaintiff maintains Defendants' "have not given this [C]ourt any reason at all to extend

---

Police Department personnel files, Internal Affairs Reports, Autopsy Report of Edwin Rivera, Jr., Medical Records of the plaintiff Samuel White, and any materials in possession of the County defendants received from the U.S. Attorney's Office related to defendant Spota *that are not otherwise available to the public*."). This Confidentiality Order specifically directs the following with respect to any "confidential documents" in ¶ 2(c): "Counsel will produce for inspection and use one copy of each confidential document to each of the other counsel. Counsel and parties are prohibited from making their own copy of any confidential document or portions thereof given to them pursuant to this Order, except for; (1) use as an exhibit to a paper filed in this litigation under paragraph (h); (2) for internal working copies to be utilized by counsel; and (3) for use at depositions or trial." *Id*. at ¶ 2(c).  Paragraph "h" referenced therein, in pertinent part, specifically states that "[i]n the event that any party wishes to use a confidential document or any confidential information therein in any paper filed in this litigation, such paper (or part thereof containing the confidential document or confidential information) shall be filed under seal." *Id*. at ¶ 2(h).

confidentiality to, or seal" the Index, "contrary to the public policy which favors transparency." (*Id*. at 2.) The Court considers the parties' arguments below.

"[M]otions to seal documents must be 'carefully and skeptically reviewed to ensure that there really is an extraordinary circumstance or compelling need' to seal the documents from public inspection." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 165 (S.D.N.Y. 2018) (quoting *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994)); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("*Lugosch*") ("The common law right of public access to judicial documents is firmly rooted in our nation's history."). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (internal citations omitted) ("The party opposing disclosure of a judicial document must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection . . . broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test.").

The Second Circuit in *Lugosch* "has articulated a three-part test for determining whether the common law right of public access attaches[:]"

> *First*, a court must determine whether the documents at issue are "judicial documents" to which a presumption of access attaches. *Second*, if the documents are judicial documents, a court must determine the weight of the presumption of access. *Third*, a court must balance "competing considerations" against the weight of the presumption of access.

*In re Tel. Media Grp. Ltd.*, No. 23-MC-215 (JGLC), 2023 WL 5770115, at *3 (S.D.N.Y. Sept. 6, 2023) (citing *Lugosch*, 435 F.3d at 119-20) (emphasis added); *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017) (internal citations omitted) ("To be a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial

4

process. There is no presumption of access to documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery.")[2]

"In addition to the common law right of access, there is also a qualified First Amendment right to access judicial documents." *Id.* (citing *Lugosch*, 435 F.3d at 120). "Under the First Amendment 'experience and logic' test, the court must consider *whether the documents have historically been open to the press and general public* and whether public access plays a significant positive role in the functioning of the particular process in question." *Id*. (internal citations omitted) (emphasis added). "If a First Amendment right of access applies, documents may only be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. (internal citations omitted).  Relevant here, "[t]he fact that a document is restricted by a protective order 'has no bearing on the presumption of access that attaches when it becomes a judicial

---

[2] *Preliminary*, the Court finds the Index, although exchanged by the parties in discovery, is a "judicial document" to which a presumption of access attaches, as Counsel for the County Defendants filed the Index in connection with and pursuant to this Court's Memorandum Order on Plaintiff's Motion to Compel and Motions for Sanctions. *See* ECF No. 194; *Under Seal*, 273 F. Supp. 3d at 469 (quoting *Lugosch*, 435 F.3d at 126) ("Generally, the presumption of access applies to all documents filed with the court. Moreover, documents filed in relation to a motion 'are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment.'"); *see also Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 197, 204 (S.D.N.Y. 2007) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)) (collecting cases) ("[T]he Court finds, as an initial matter, that the submissions relating to the sanctions proceeding—including the Order to Show Cause, plaintiff's response thereto, and the instant Order—are 'judicial documents.' Specifically, it is beyond doubt that the items at issue are clearly 'relevant to the performance of the judicial function,' insofar as it relates to the Court's duty under Rule 11 to determine 'whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.'"). Moreover, because the Index is an "item[] relating to the sanctions proceeding in this action" and "come[s] within the court's purview for the essential purpose of permitting this Court to perform its Article III duties of deterring abuses of the judicial process and imposing sanctions to achieve that end, if necessary[,]" the Court finds the Index "must be accorded a strong presumption of public access." *Id*. at 205 (internal citations and quotations omitted).

document.'" *In re Tel. Media Grp. Ltd.*, No. 23-MC-215 (JGLC), 2023 WL 5770115, at *5 (quoting *Collado v. City of New York*, 193 F. Supp. 3d 286, 289–90 (S.D.N.Y. 2016)) ("The presumption of public access is not diminished just because certain information has been subject to a protective order."); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015) ("[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order ... that same material might not overcome the presumption of public access once it becomes a judicial document."). Defendants' insistence that the terms of the Confidentiality Order apply is unpersuasive. That Confidentiality Order governs production among and between the parties, not filing of sealed or confidential documents. Sealing is distinct from confidential treatment of documents produced between the litigants. *See Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, No. 10-cv-698 (RJS), 2010 WL 3958791, at *3 (S.D.N.Y. Sep. 23, 2010) (finding that defendant's argument that disclosure of the subject documents was inconsistent with and undermined the parties' confidentiality agreement, did not establish sealing was necessary).

      The mere existence of a confidentiality agreement entered into between the parties, does not weigh against the presumption of public access to the documents and the Court must still engage in an analysis to determine whether sealing is necessary under *Lugosch*. *See Doscher*, at *3 ("the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access") (citation omitted). To this end, the County Defendants' citations to the Confidentiality Order "do not satisfy *Lugosch* and are, in any event, insufficient to overcome the presumption of access[,] as the mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure is reasonable." *In re Tel. Media Grp. Ltd.*, No. 23-MC-215 (JGLC), 2023 WL

6

5770115, at *6. Furthermore, the undersigned finds the Index itself does not contain any information covered by the Confidentiality Order,[3] or "sensitive information" (*i.e.*, Defendants' or other third-parties' personal information or personal identifiers) such that sealing is warranted. *See e.g.*, *Cohen v. Gerson Lehrman Grp. Inc.*, No. 09 Civ. 4352 (PKC), 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (holding that individual contact information, such as email addresses, home addresses, and phone numbers, which were not at issue in the litigation, warranted redacted sealing because of the individual's "countervailing privacy interest in their non-disclosure"). Accordingly, because Defendants have "not met [their] burden to demonstrate that countervailing factors outweigh the presumption of public access" afforded to the Index, the Court denies their Motion to Seal at ECF 203. *See In re Tel. Media Grp. Ltd.*, No. 23-MC-215 (JGLC), 2023 WL 5770115, at *6 ("Because the common law framework is dispositive of the motion to seal, the Court need not undertake the First Amendment analysis.").

## CONCLUSION

For the reasons stated, Defendants' Motion to Seal (ECF No. 203) is **DENIED**.

Dated: Central Islip, New York
August 29, 2024

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

---

[3] The Confidentiality Order covers Suffolk County Police Department personnel files, Internal Affairs Reports, Autopsy Report of Edwin Rivera, Jr., Medical Records of the plaintiff Samuel White, and any materials in possession of the County defendants received from the U.S. Attorney's Office related to defendant Spota that are not otherwise available to the public. *See* ECF No. 141 at ¶ 2(b). The Index merely contains file numbers only of where to locate the documents that *are* covered by the Confidentiality Order. *See* ECF No. 196.