# REYNOLDS, CARONIA, GIANELLI & LA PINTA, P.C.

- ATTORNEYS AT LAW -

200 VANDERBILT MOTOR PARKWAY
SUITE C-17
HAUPPAUGE, NEW YORK 11788

300 OLD COUNTRY ROAD
SUITE 341
MINEOLA, NEW YORK 11501
(Correspondence to Hauppauge Office)

ANTHONY M. LA PINTA
JAMES T. REYNOLDS
PETER R. CARONIA (Ret.)
PAUL GIANELLI (Ret.)

MICHAEL E. FEHRINGER

TEL: 631-231-1199
FAX: 631-300-4380

OF COUNSEL

PETER H. MAYER, III, PLLC.
Justice, NYS Supreme Court (Ret.)

MARK D. COHEN
Judge, NYS Court of Claims (Ret.)

CHRISTOPHER J. PURCELL, P.C.


**BY ECF**

December 30, 2025

The Honorable Ramon E. Reyes
United States District Court Judge, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **White v. County of Suffolk, et al.**
2:20-cv-01501

Your Honor:

I represent defendant, former Suffolk County District Attorney, Thomas J. Spota in the above matter.

On November 26, 2025, it was brought to my attention by plaintiff's counsel Stephanie Mc Clure in her letter to the Court (DE 264) that a factual assertion that I made in my Declaration in Reply (DE 262) was factually incorrect. I stated in paragraph 10 that "Plaintiff admitted to striking and kicking Edwin Rivera to death."

Since learning of Ms. Mc Clure's assertion, I have spent considerable time re-reviewing the entire record of this case, including all pleadings, motions and exhibits, in addition to speaking with prior and current counsel for the defendants in this action. While the prosecution's theory at plaintiff's criminal trial was that he beat Edwin Rivera to death, plaintiff has never admitted to kicking Rivera or causing his death.

While this error does not change any of defendant Spota's arguments in support of his pending motion for summary judgment, I am advising you of this mistake because of my duty and

obligation as an officer of the Court. My factual assertion was mistaken. I take full responsibility for this error and apologize to the Court and to plaintiff.

I assumed Spota's full representation when my associate Kyle Wood left our employ earlier this year. Prior to his departure, my involvement in this case was limited. Despite Ms. Mc Clure's allegations that I intentionally lied and committed perjury before this Court, please know that was not the case whatsoever. I would never risk my career to gain a factual advantage over Ms. Mc Clure's client, or any adversary.

Ms. Mc Clure also alleged in a separate letter to the Court dated December 2, 2025 (DE 267) that representations were made to the Court on July 7, 2020, in response to her attempt to have my law firm disqualified from this case, that I was retired and would not be working on this case at all. Ms. Mc Clure was mistaken. That representation was made on behalf of my former law partner Paul Gianelli, who has been retired from the practice of law for over ten years.

Thank you for your immediate attention herein.

Respectfully submitted,

**ANTHONY M. LA PINTA**
AML:mm

cc: Stephanie Mc Clure, Esq.
Stacy Skorupa, Esq.